JAMES E. O'TOOLE, Admr. of the Estate of William H. Russell, Plaintiff-Appellant, *v.* CENTRAL LABORERS' PENSION & WELFARE FUNDS *et al.*, Defendants-Appellees.

(No. 72-181; ▮▮▮▮▮▮▮

Third District—July 17, 1973.

Pratt & Hogan, of Peoria, (Michael W. Hogan, of counsel,) for appellant.

Thomas J. Penn, Jr., of Peoria, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Petitioner-Appellant, James O'Toole, administrator of the Estate of William H. Russell, commenced this action in the Circuit Court of Peoria County as part of probate proceedings. A petition was filed to compel payment of life insurance proceeds and death benefits to the estate held by defendant, Central Laborers' Welfare Fund and Central Laborers' Pension Fund. Following an objection to the petition by defendant, Patricia Russell, the designated beneficiary of the applicable policies, both parties submitted memoranda of law to the court. The circuit court denied the petition and directed payment of the proceeds to defendant, Patricia Russell. This is an appeal by petitioner from that order.

Proceeds from two separate funds are involved, those payable through certificates of insurance issued in conjunction with the Central Laborers' Welfare Fund and those death benefits payable through the Central Laborers' Pension Fund. While William Russell, the plaintiff's decedent, was a participating member of the Central Laborers' Welfare and Pension Trust, he designated defendant, Patricia Russell, his wife, as

beneficiary of the policies thereunder. Subsequent to such designation, Patricia Russell was granted a decree of divorce from William Russell. A property settlement agreement was incorporated in the decree. The agreement disposed of a few specific items of property including an interest in real estate, an automobile, household goods and furniture, with no mention of insurance policies or proceeds. Thereafter a general clause stated, "each party is further barred as to any and all claims or interests whatsoever in and to the property of the other now owned and hereafter acquired". Subsequent to the divorce no change was made in the designation of Patricia Russell as beneficiary of the insurance policies and death benefits payable at the death of William Russell. Two months after the divorce decree was entered, William Russell died intestate, leaving his mother, Elizabeth O'Toole, as his only heir at law. She was appointed administratrix of the estate of her son; however, following her death thereafter, James O'Toole, step-father of the decedent, was appointed and duly qualified as administrator of William Russell's estate.

■■ Petitioner asserts that due to the divorce decree and property settlement, Patricia Russell is no longer entitled to the insurance proceeds despite the fact no change in the beneficiary was made or attempted by the insured. According to petitioner's argument, the "insurance proceeds payable under contractual agreement with deceased-insured constitutes 'Property' within the meaning of interests which may be the subject-matter of a divorce decree and property settlement." We do not find this argument persuasive. In *Equitable Life Assurance Society v. Stilley,* 271 Ill.App. 283, it is stated that when the insured reserves a right to change a beneficiary, the beneficiary has a mere expectancy during the insured's lifetime. This expectancy would not be considered property and would not be included in a contract between the parties for division of property rights unless specifically included or so intended by the language of the agreement. In the instant case, the parties agree the language of the property agreement is general and there is no specific provision regarding insurance.

■■■ Illinois follows the majority rule that a decree of divorce in no way affects the rights of the divorced wife as a beneficiary in a husband's life insurance policy. (See, 22 I.L.P. Insurance, sec. 93 and 44 Am.Jur.2d Insurance, sec. 1740.) Only if a property settlement agreement should specifically include a termination of the beneficiary's interest, will the right to the proceeds of a policy on the life of the husband be affected, unless the policy itself or a statute provides otherwise. (Couch on Insurance 2d ed., sec. 27:111.) We find no provision regarding insurance in the property settlement agreement nor is there a provision in the policy or a statute which terminates a spouse's interest as beneficiary upon di-

vorce. Nor is there any indication of an intention of the insured to make a change. Surely, if the insured had wished to substitute another person or his estate as beneficiary following the divorce, he would have at least attempted to effect a change with the insurer or included a provision in the property settlement agreement indicating such intention.

■■ Petitioner suggests the insurance policies under the Welfare Fund should not be treated as an ordinary life insurance policy because ownership of the insurance proceeds was vested in the Trustees. In our opinion, the policies are merely group life insurance policies. The Trustees only had power and control over the proceeds prior to the insured's death. Beneficiary rights are separate and vest at the death of the insured. We are therefore not persuaded by the petitioner's argument and do not find any incident fundamentally different from an ordinary life insurance policy.

■■ In reference to benefits to which the defendant as beneficiary is entitled under the Pension Fund, it appears that death of the insured and application for funds by the beneficiary are the requirements for vesting of the right to receive such benefits. Again we find no provision in the Pension Fund distinguishing it from ordinary life insurance.

For the reasons stated above, the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

DIXON and SCOTT, JJ., concur.