PRINCIPAL MUTUAL LIFE INSURANCE COMPANY, Plaintiff, v. ROBERT K. JUNTUNEN, Interpleader and Defendant-Appellee (Pamela S. Riley, f/k/a Pamela S. Juntunen, Interpleader and Defendant-Appellant).

First District (4th Division)   No. 1—88—1956

Opinion filed September 21, 1989.

Gerald M. Rubin, of Skokie, for appellant.

Roddy, Power & Leahy, Ltd., of Chicago (Eugene F. Keefe, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Principal Mutual Life Insurance Company, filed an interpleader action in the circuit court of Cook County and deposited the proceeds of two insurance policies that were owned by the deceased, Harvey Juntunen. The two claimants to the proceeds are Pamela S. Riley, the deceased's ex-wife, who was listed as principal beneficiary, and Robert K. Juntunen, the deceased's brother. He is listed as second beneficiary on the policies.

The trial court entered judgment in favor of Robert, finding that Pamela had waived her right and interest in the insurance proceeds by executing a release of those rights as part of a property settlement upon dissolution of her marriage to Harvey.

Pamela appeals, contending that she did not waive her expectancy in the insurance proceeds, as distinguished from any vested legal interest that she may have had at the time of the divorce. Because Harvey never changed the designation of the beneficiary on his policy after the divorce in the several years before his death, Pamela claims he did not substantially comply with the policy requirements for changing beneficiaries. Accordingly, she maintains that she is entitled to the proceeds.

We affirm the trial court.

The undisputed facts reveal that Harvey was insured under two life insurance policies having face values of $5,000 each. When he died on June 21, 1986, his former wife was listed as principal beneficiary and his brother as second beneficiary.

In March 1981, after 4½ years of marriage, Pamela and Harvey divorced. Their settlement agreement provided as follows:

"Each of the parties hereby releases and/or waives any interest, beneficial or otherwise, which he or she may have acquired in or to life insurance policy(ies) owned by the other."

In the five years before his death, Harvey paid the policy premiums. He and Pamela remained on cordial terms, and he sold the marital residence to her one year after their divorce.

The resolution of this appeal centers on the interpretation given to the language in the settlement agreement.

Opinion

Pamela contends that the language of the divorce settlement agreement only waives whatever vested interest she had in the life in-

surance policies at the time of the divorce. She maintains that she did not waive any future, contingent rights, or "expectancies" she had because there is no express language to that effect.

■ An expectancy has been defined as "the 'interest of a person who merely foresees that he might receive a future beneficence, such as the interest of an heir apparent *** or of a beneficiary designated by a living insured who has a right to change the beneficiary.' " (*In re Marriage of Weinstein* (1984), 128 Ill. App. 3d 234, 244, 470 N.E.2d 551, 559, quoting *In re Marriage of Pesheck* (1980), 89 Ill. App. 3d 959, 964, 412 N.E.2d 698.) The beneficiary of a life insurance policy receives no vested right in the policy during the insured's lifetime, if the insured has retained the right to change beneficiaries, and the interest she may have is determined at the time of the insured's death. *Employers Modern Life Co. v. Lindley* (1980), 83 Ill. App. 394, 396-97, 404 N.E.2d 1036.

According to Pamela, since she did not expressly waive her expectancy, she is entitled to receive the proceeds from the policy.

We disagree. The language of the mutual waiver provision in Harvey and Pamela's divorce settlement agreement includes "*any* interest, beneficial or *otherwise*," in the insurance policies. Pamela's argument that an expectancy interest is not included in this language because it is a future, contingent interest is unpersuasive. The release, in straightforward terms, bars each party from claiming life insurance proceeds from the other's policies, as well as barring any other interest that he or she may have had in the policies themselves. Pamela, in fact, does not offer any other explanation for what she thought she was waiving when she signed the agreement.

■ ▌ Under Illinois law, a former spouse who is the designated beneficiary on an insurance policy is not barred from collecting the proceeds upon the death of the insured merely because they have divorced. (See, *e.g.*, *O'Toole v. Central Laborers' Pension & Welfare Funds* (1973), 12 Ill. App. 3d 995, 299 N.E.2d 392.) Courts have also held that a general waiver of marital property rights upon divorce does not affect the expectancy that a former spouse has in the decedent's life insurance policy. (*O'Toole*, 12 Ill. App. 3d 995, 299 N.E. 392; *Tatelman v. Tatelman* (1975), 25 Ill. App. 3d 678, 323 N.E.2d 821.) This result properly separates marital property rights from those embodied in a contract of insurance.

■ The insurance company is obligated to pay the proceeds to the beneficiary of the insured's choosing, which he must designate in writing. To protect itself, the insurance company may require that any changes in beneficiaries also must be submitted to it in writing.

■ Pamela relies on this requirement that the change of beneficiary must be in writing. This reliance is, however, unwarranted. The inclusion of this provision in the insurance policy is primarily for the benefit of the insurance company. The company has the right to rely on the insured's written choice of beneficiaries so that it may pay the proceeds to the proper person upon the death of the insured. Accordingly, the courts have adopted a "substantial compliance" standard to ascertain whether the decedent actually intended to change beneficiaries even though he failed to submit the change, in writing, to the insurance company. (See *Dooley v. James A. Dooley Associates Employees Retirement Plan* (1982), 92 Ill. 2d 476, 442 N.E.2d 222.) As the *Dooley* court explained, substantial compliance with the policy requirements for changing the beneficiary requires a clear expression of the insured's intent and his attempt to carry out his intention.

In the pending case, Pamela argues that Harvey—who had executed a change of beneficiary form when he married her—never took any action after the divorce to remove her as designated first beneficiary on his life insurance policies. Therefore, he did not so intend. His failure to take any steps to change the designation means he did not substantially comply with the necessary policy requirements.

■ We believe that Harvey's failure to formally change the designation of beneficiaries is as easily ascribed to his knowledge that his brother was already named as second beneficiary as to any desire to have his former wife receive the proceeds. Of more significance, however, is the effect of the waiver in the divorce settlement and the parties' intent at the time they executed it. Pamela's attorney drafted the mutual release. The logical implication of the drafter's language is that each intended to relinquish any and all interest of any type, including expectancy in the proceeds of the other's life insurance policies. In effect, any and all rights or interests that may have otherwise existed under common law or as a contractual right were extinguished. Therefore, Pamela's claim to the proceeds upon Harvey's death was affirmatively barred. Harvey's brother, Robert, as second beneficiary, moved into first place.

We conclude that the trial court correctly interpreted the waiver in the settlement agreement and accurately applied the law. We therefore affirm.

Affirmed.

McMORROW and JOHNSON, JJ., concur.