JOSEPH F. LEAHY *et al.*, Petitioners-Appellants, v. MARGARET K. LEAHY SCHUETT, Respondent-Appellee (Brian Leahy *et al.*, Appellants).

First District (3rd Division)   Nos. 1—90—0990, 1—90—1170 cons.

Opinion filed March 13, 1991.

Rosenthal & Schanfield, of Chicago, for appellants Brian Leahy and Karen Leahy.

Grund, Marcus & McNish, of Chicago, for appellee Margaret K. Leahy Schuett.

Zaban, Jacobs & Mayer, of Chicago, for appellees Shannon Leahy and Michael Leahy.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

Brian Leahy and Karen Leahy, two of the heirs of Robert E. Leahy, deceased, appeal from the denial of the petition of the executors, Joseph F. Leahy and Ann E. Leahy, for a determination of the ownership of proceeds from the sale of real property held in a land trust of which respondent Margaret K. Leahy Schuett was the contingent beneficiary in the case of the death of Robert, her former husband. Brian and Karen argue that the trial court erred in determining that the proceeds belonged to respondent because it was the intent of the judgment of dissolution of marriage that respondent waived all interest in the property.

Robert died on October 15, 1987. His heirs were his children Brian, Terri, Karen, Shannon, and Michael Leahy. His will provided in relevant part:

"After the payment of *** [all just] debts and funeral expenses, I give, devise and bequeath everything not specified should be split (5) five ways—between Brian, Terri, Karen, Shannon, and Michael.

* * *

[Among specific bequests of personal property, there were the following provisions concerning the real property at issue.] Bar—sell for approx. $80,000.00—located at 4923 N. Clark bldg.
* * *

Bldg.—sell for approx, $225,000.00 with bar—located at 4923 N. Clark bldg. Do not sell bldg. before selling bar.

\* \* \*

All the rest, residue and remainder of the property, of whatever kind and wherever situated, in or to which I may have any interest at the time of my death, I give, devise and bequeath to my five children in equal shares."

The will was admitted to probate, and petitioners were issued letters of office as executors.

The executors were given the authority by the trial court to sell the real property if Robert's children consented. The executors petitioned, pursuant to section 20—6 of the Probate Act (Ill. Rev. Stat. 1989, ch. 110½, par. 20—6), for an order directing the Cole Taylor Bank as trustee of the land trust to issue a proceeds letter in the executors' favor and an order to respondent to execute any documents required to extinguish her rights to the property. The petition alleged that: (1) Robert and respondent were divorced on May 18, 1984; (2) at the time of the divorce, the property located at 4923 N. Clark Street in Chicago was held in a land trust with Cole Taylor Bank (formerly known as Skokie Trust and Savings Bank) as trustee; (3) the land trust agreement had not been changed since March 8, 1978, to terminate respondent's contingent beneficial interest; (4) Robert paid $50,000 to respondent to remove the lien upon the property imposed by the judgment of dissolution; and (5) Cole Taylor Bank refused to convey the property to the purchaser.

The judgment of dissolution of marriage attached to the petition stated in part:

"D. That the Petitioner [Margaret Leahy] shall be awarded the sum of $50,000.00 to be paid by the Respondent [Robert E. Leahy] as her additional property distribution. The Petitioner shall have a lien against the property commonly known as 4923 North Clark Street, Chicago, Illinois \*\*\* to the full extent of the $50,000.00 awarded herein. \*\*\*
  \*\*\*

F. That the Respondent shall retain as his property, free and clear of any claim whatsoever by the Petitioner, the property commonly known as 4923 North Clark Street, Chicago, Illinois \*\*\* ."

The trust agreement, dated March 8, 1978, conveyed the real property to the Skokie Trust and Savings Bank as trustee and provided that Robert was the 100% beneficiary and that respondent was the beneficiary in the event of Robert's death.

A special administrator was appointed to report to the court on the issue of the ownership of the property. He found that respondent

relinquished all rights to the property under the judgment of dissolution.

The parties agreed to sell the property and to hold the proceeds in an account with withdrawal subject to court order. The case was assigned to the domestic relations division for clarification of the judgment dissolving the marriage, and Judge Knell of that division found that the judgment was not in need of clarification.

The trial court found that: (1) respondent originally consented to the sale in the belief that she had no ownership interest and that she withdrew her consent upon learning that the beneficial interest had passed to her under the land trust; (2) Robert had the power to direct the trustee, and the power passed to respondent when Robert died; (3) the judgment of dissolution was not ambiguous; (4) the judgment did not prevent Robert from changing the beneficial interest designation and did not terminate any expectancy interest of respondent; (5) Robert could have amended the beneficial interest designation to prevent the property passing to respondent; and (6) the proceeds of the sale of the property belonged to respondent. Upon a motion for a stay, the trial court ordered that the proceeds from the sale of the property were to remain on deposit pending a decision on appeal.

Brian and Karen and the executors appealed the judgment but the executors did not file a brief. Brian and Karen argue on appeal that respondent's interest in property was terminated by the divorce agreement, which specifically mentioned the property, and that Robert's intention expressed in his will was to bequeath the property to his children. Respondent argues that the property belonged to her after Robert's death because: (1) the divorce agreement did not include her expectancy interest but rather barred only claims to the property; (2) Robert did not remove her as a contingent beneficiary of the land trust; and (3) a divorce by itself does not extinguish non-vested property rights that exist independently of the marriage. Respondent also relies on "An Act in relation to the effect of a judgment of judicial termination of marriage on provisions in a revocable trust pertaining to the settlor's former spouse" (Ill. Rev. Stat. 1989, ch. 148, par. 301) (the Act) as support for the judgment of the trial court because, although it was inapplicable to this land trust, which was created prior to the Act's effective date, the Act exempts land trusts from its provision that trusts pertaining to the settlor's spouse are to be construed after the settlor's divorce as if the former spouse of the settlor died upon the entry of the judgment of dissolution.

■ The general rule is that a divorce does not terminate the property rights of a husband and wife which exist independently of

the marriage but terminates those property rights and interests which are dependent on the marriage relationship, such as dower. *Bulger v. Bulger* (1937), 291 Ill. App. 233, 235-36, 9 N.E.2d 425.

In *Principal Mutual Life Insurance Co. v. Juntunen* (1989), 189 Ill. App. 3d 224, 545 N.E.2d 224, upon which petitioners rely, the deceased's insurance policies had listed his former wife as principal beneficiary and his brother as secondary beneficiary. The divorce settlement agreement provided:

> "Each of the parties hereby releases and/or waives any interest, beneficial or otherwise, which he or she may have acquired in or to life insurance policy(ies) owned by the other." (*Principal*, 189 Ill. App. 3d at 226.)

The former wife argued that the agreement did not waive her nonvested expectancy interest in the insurance policies. The court defined an expectancy as "the interest of a person who merely foresees that he might receive a future beneficence, such as the interest of an heir apparent *** or of a beneficiary designated by a living insured who has a right to change the beneficiary." (*Principal*, 189 Ill. App. 3d at 227.) The court held that a general waiver of marital property rights upon divorce did not affect an expectancy interest of the former spouse in a life insurance policy but that this agreement specifically waived any interest beneficial or otherwise and, therefore, covered an expectancy interest. (*Principal*, 189 Ill. App. 3d at 227.) The former wife also argued that the deceased did not change the beneficiaries of the policies and that the insurance companies required that a change in beneficiaries be in writing. The court held that the writing requirement was primarily for the benefit of the insurance company and that, under the substantial compliance standard, it could be determined that an insured intended to change beneficiaries even though he did not submit the change in writing to the insurance company. (*Principal*, 189 Ill. App. 3d at 228.) Although the deceased did not substantially comply with the insurance policy requirement because he did not take any steps to change the beneficiary designation, the former wife was held to have no interest in the proceeds on the basis that she waived her contingent interest in the divorce agreement, which was intended to relinquish any and all interest of any type in the proceeds. *Principal*, 189 Ill. App. 3d at 228.

Specifically waived was an interest in certain benefits in *Fox Valley & Vicinity Construction Workers Pension Fund v. Brown* (7th Cir. 1990), 897 F.2d 275. The property settlement provided:

> "The parties each waive any interest or claim in and to any retirement, pension, profit-sharing and/or annuity plans resulting

from the employment of the other party." (*Fox Valley*, 897 F.2d at 277.)

The former husband died without removing the former wife's name as beneficiary of his pension death benefit. The divorce agreement was held to have specifically dealt with the fund benefits at issue so that the former wife was not entitled to them. *Fox Valley*, 897 F.2d at 281.

In contrast to the specific waiver of an interest is the giving of property to one spouse either free of the other spouse's interest or without the other spouse's claim or interest. For example, in *O'Toole v. Central Laborers' Pension & Welfare Funds* (1973), 12 Ill. App. 3d 995, 299 N.E.2d 392, the divorce agreement provided that each party was "barred as to any and all claims or interests whatsoever in and to the property of the other now owned and hereafter acquired," but it did not contain a specific provision regarding insurance. (*O'Toole*, 12 Ill. App. 3d at 997.) The former wife was not removed as a beneficiary of his life insurance certificates and pension fund death benefits after the divorce, and there was no indication of the former husband's intention to make a change. He died intestate, and his estate filed a petition which sought the death benefits and life insurance proceeds on the basis that the former wife was no longer entitled to them. The court held that only if a property settlement specifically included a termination of the beneficiary's interest would the right to the proceeds of a life insurance policy held by the former husband be affected, unless the policy or a statute provided otherwise. (*O'Toole*, 12 Ill. App. 3d at 997.) The estate's petition was denied because the agreement did not terminate the spouse's interest as beneficiary and because the former husband had not attempted to change the beneficiary designations. *O'Toole*, 12 Ill. App. 3d at 997-98.

Another example of a divorce agreement that did not specifically waive a beneficial interest is *Lyman Lumber Co. v. Hill* (8th Cir. 1989), 877 F.2d 692. The divorce decree stated that the husband "shall have as his own, free of any interest of [the wife] *** , his interest in the profit-sharing plan," and the husband did not change the beneficiary designation after the divorce. (*Lyman*, 877 F.2d at 693.) The court held that the decree gave the husband his entire interest in his profit sharing plan free of any interest of the wife, but because it did not specifically refer to and modify the beneficial interest, it did not divest the wife of her beneficiary interest in the profit sharing plan proceeds. *Lyman*, 877 F.2d at 693-94.

Similar is *Aetna Life Insurance Co. v. Wadsworth* (1984), 102 Wash. 2d 652, 654, 689 P.2d 46, 48, in which the divorce decree stated that the wife conveyed to the husband "as his sole and separate prop-

erty, free and clear of any right, title, or interest on her part *** [a]ll [his] life insurance policies." The former husband did not change the designation of his former wife as beneficiary, and the court held that the decree did not mention the former wife's expectancy as named beneficiary so that she was entitled to the life insurance proceeds. *Aetna*, 102 Wash. 2d at 663-64, 689 P.2d at 53.

■■ ■ We hold that respondent did not specifically waive her contingent beneficial interest in the land trust by the judgment of the dissolution, which only stated that Robert was to retain the property free of any claim of respondent. Respondent's contingent beneficial interest was not a claim on the real property but an expectancy interest because Robert was free to change the contingent beneficiary. (See *Principal,* 189 Ill. App. 3d at 227 (an expectancy is the interest of a person who merely foresees that he might receive a future beneficence).) *Principal* (189 Ill. App. 3d 224) and *Fox Valley* (879 F.2d 275) are distinguishable because the divorce agreement specifically waived the particular interests at issue.

"An Act in relation to the effect of a judgment of judicial termination of marriage on provisions in a revocable trust pertaining to the settlor's former spouse" (Ill. Rev. Stat. 1989, ch. 148, par. 301), upon which respondent also relies, was effective January 1, 1982, and provides in relevant part:

> "(a) Unless the governing instrument or the judgment of judicial termination of marriage expressly provides otherwise, judicial termination of the marriage of the settlor of a trust revokes every provision which is revocable by the settlor pertaining to the settlor's former spouse in a trust instrument or amendment thereto executed by the settlor before the entry of the judgment of judicial termination of the settlor's marriage, and any such trust shall be administered and construed as if the settlor's former spouse had died upon entry of the judgment of judicial termination of the settlor's marriage.
>
> * * *
>
> (c) 'Trust' means a trust created by a nontestamentary instrument executed after the effective date of this Act, except that, unless in the governing instrument the provisions of this Act are made applicable by specific reference, the provisions of this Act do not apply to any (a) land trust ***." (Ill. Rev. Stat. 1989, ch. 148, par. 301.)

The Act does not apply to the land trust at issue because it was executed prior to the Act's effective date, and the Act does not establish that prior to its passage, as a matter of law, divorce terminated the

former spouse's beneficial interest in a land trust. The Act does indicate that land trusts are to be treated differently than other trusts.

Respondent remained the contingent beneficiary at the time of Robert's death, and, therefore, the trial court's order that respondent was entitled to the proceeds from the sale of the real property is affirmed.

Affirmed.

RIZZI and WHITE, JJ., concur.