No. 3--97--0293

_________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1998

IN RE THE MARRIAGE OF: ) Appeal from the Circuit Court

SHIRLEY ANN VELASQUEZ, ) for the 18th Judicial Circuit,

) DuPage County, Illinois 

Plaintiff-Appellant ) 

Cross-Appellee, )

) No. 91--D--934

v. )

) 

ANGELO VELASQUEZ, )

) Honorable

Defendant-Appellee ) Kathryn E. Creswell

Cross-Appellant. ) Judge, Presiding

_________________________________________________________________

JUSTICE BRESLIN delivered the opinion of the court:

_________________________________________________________________

At issue in this case is whether a waiver provision in a marital settlement agreement waives any interest, expectancy or otherwise, in assets specifically listed in the marital settlement agreement.  We hold that the waiver provision is sufficient to waive plaintiff Shirley Ann Velasquez's interest in a land trust because the real estate held in the trust was specifically listed as an asset in the agreement.  However, we hold that the waiver provision does not waive Shirley's interest in an insurance policy that was not listed in the agreement.  Accordingly, we affirm.

FACTS

In 1984, Shirley's husband, Angelo Velasquez, created a land trust holding real property known as 5228 through 5236 West 25th Street, Cicero, Illinois, as an asset.  Angelo remained the sole owner of the property and retained the power to assign or transfer the beneficial interest in the land trust.  Shirley was the named beneficiary of the trust.

In July 1992, Shirley and Angelo divorced.  The judgment of dissolution order incorporated a written marital settlement agreement.  Among other marital assets, the agreement listed Angelo as the owner of two insurance policies:  an All American policy and a Royal MacCabees Life Insurance policy (Royal).  Shirley received the marital residence and several other marital assets.  Angelo was awarded the real estate located at 5228 through 5236 West 25th Street and the cash surrender value of his insurance policies.  The agreement further provided that Angelo would pay Shirley monthly maintenance payments and that the payments would be secured by the Royal policy.  These payments were to be used to discharge the couple's obligations under their first mortgage, including real estate taxes. 

The settlement agreement contained a mutual release clause that stated, in relevant part:

"To the fullest extent permitted by law, and except as otherwise herein expressly provided, each party relinquishes, waives, remises, and releases all rights and claims against the other party and his or her agents, attorneys, and employees, and each party hereby relinquishes, waives, remises, and releases to the other, his or her heirs, personal representatives and assigns, all rights of maintenance, alimony, spousal support, inheritance, descent and distribution, homestead, dower, community property, and all other rights, titles, claims, interests and estates as husband and wife, widow or widower, whether existing by reason of the marital relation between said parties or otherwise, including any and all right, title, claim, or interest which he or she otherwise has or might have or be entitled to claim in, to, or against the property, assets, and estate of the other, whether real, personal, or mixed, whether marital or non-marital, whether community or separate, whether now owned or hereafter in any manner acquired by the other party, whether in possession or in expectancy and whether vested or contingent."

Angelo died in July, 1996.  Shortly thereafter, Shirley filed a petition to compel, requesting the death benefits from the Royal policy.  In response, the executor of Angelo's estate (Executor) filed a counter-petition asking the court to compel Shirley to assign the beneficial interest in the land trust to the estate.  This interest passed to Shirley at Angelo's death according to the beneficiary designation clause contained in the land trust agreement.  The Executor also requested that the proceeds of a John Hancock Life Insurance policy (John Hancock), which named Shirley as the beneficiary, be paid to the estate.  

During the first hearing, the defendants attempted to present testimony from Angelo's attorney, Julie Kaminski.  The defendants claimed that she would testify as to Angelo's intent to change the beneficiary of the land trust and the insurance policy.  The trial court refused to allow her testimony, stating that it was inappropriate at that point in the proceedings.  Subsequently, the trial court ordered the proceeds of the Royal policy and the John Hancock policy be paid to Shirley.  The court also ordered Shirley to assign her interest in the land trust to Angelo's estate and ordered the estate to pay real estate taxes on the marital residence until August of 2002.  Both parties appeal.       

DISCUSSION

Effect of Waiver on Land Trust
 

The primary issue on appeal is whether the waiver provision contained in the marital settlement agreement waives Shirley's expectancy interest as a contingent beneficiary of the land trust. 

A divorce does not terminate property rights of a husband and wife which exist independent of the marriage. 
Leahy v. Leahy-Schuett
, 211 Ill. App. 3d 394, 570 N.E.2d 407 (1991).  However, a dissolution agreement may extinguish a divorced spouse's expectancy interest in a land trust or an insurance policy if the agreement includes a clear expression of the spouse's waiver of that interest. 
In re Marriage of Myers
, 257 Ill. App. 3d 560, 628 N.E.2d 1088 (1993); 
Deida v. Murphy
, 271 Ill. App. 3d 296, 647 N.E.2d 1109 (1995).  To determine the effect of a waiver, two factors must be considered:  (1) whether the asset in dispute was specifically listed as a marital asset and awarded to a spouse; and (2) whether the waiver provision contained in the settlement agreement specifically states that the parties are waiving any expectancy or beneficial interest in that asset. See 
Leahy
, 211 Ill. App. 3d at 400, 570 N.E.2d at 411 (1991); 
Principal Mutual Life Insurance Co. v. Juntune
n, 189 Ill. App. 3d 224, 545 N.E.2d 224 (1989).  This court's review of the interpretation of a waiver provision included in a contractual agreement is 
de
 
novo
. 
Best Coin-Op, Inc. v. Old Willow Falls Condominium Association
, 120 Ill. App. 3d 830, 458 N.E.2d 998 (1983).

Shirley asserts that the waiver provision  does not contain a specific waiver of her expectancy interest as a contingent beneficiary of the land trust.  She contends that the waiver provision in this case is comparable to the provision analyzed in 
Williams v. Gatling
, 186 Ill. App. 3d 21, 542 N.E.2d 121 (1989).  

In 
Williams
, the two assets at issue were an insurance policy and an employee stock ownership plan.  Neither were listed as marital assets or awarded in the settlement agreement.  The court refused to apply a broadly worded waiver provision in the agreement, not because the terms of the waiver provision were too general, but because the assets in dispute were not specifically listed as marital assets. 
Williams
, 186 Ill. App. 3d 21, 542 N.E.2d 121.  Therefore, 
Williams
 is not comparable to this case because the land trust in the instant case was identified as an asset in the agreement.

Instead, we are persuaded by the court's analysis in 
Principal
.  In 
Principal
, 189 Ill. App. 3d at 226, 545 N.E.2d at 225, the waiver mentioned any interest, beneficial or otherwise, and it specified that the parties waived those interests as "to life insurance policy(ies) owned by the other." 
 Although the waiver did not make an express reference to a particular property interest owned by the other party, the court concluded that the wife's expectancy interest in her husband's life insurance policy was included in the scope of the waiver because the waiver expressly barred any expectancy interest in an insurance policy. 
Principal
, 189 Ill. App. 3d at 228, 545 N.E.2d at 226.  

Similarly, the Velasquez marital settlement agreement waives any interest, expectancy or otherwise, in "the property *** of the other, whether real, personal, or mixed."  The real property held in the land trust was listed as an asset and awarded to Angelo pursuant to the settlement agreement.  Thus, even though the waiver provision in this case did not specifically mention the land trust, we hold that it waives any expectancy interest Shirley has in the real estate held in the trust.        

Shirley also asserts that her expectancy interest as a retained beneficiary can only be affected if the settlement agreement expressly waives any "expectancy" or "beneficial" interest in the property. 

While we agree that a waiver provision should specifically waive an expectancy interest (see 
Leahy
, 211 Ill. App. 3d 394, 570 N.E.2d 407 (a waiver provision that does not refer to an expectancy or beneficial interest does not waive any expectancy interest in property owned by the other)), we disagree with Shirley's contention that the waiver at issue fails to meet that requirement.  The waiver provision included in the settlement agreement 
specifically and expressly applies to any interest "whether in possession or in expectancy and whether vested or contingent."  Thus, the settlement agreement does contain an express waiver of Shirley's expectancy interest in the land trust.

Shirley argues that the provision must expressly indicate that she is waiving any expectancy interest in Angelo's real estate held in the land trust to effectively waive that interest. However, the purpose of a waiver provision is to act as a safeguard and protect both parties from those interests and contingencies that may unexpectedly vest in the former spouse at some future point in time. See 
Principal
, 189 Ill. App. 3d at 228, 545 N.E.2d at 226.  (the logical implication of the language of a waiver is that each spouse intended to relinquish any rights and interests that they may have otherwise possessed).  Thus, it would defeat the very purpose of a waiver provision for this court to find that the waiver at issue is an ineffective general waiver due to the drafter's failure to expressly enumerate every specific property interest.  Accordingly, we hold that the waiver provision in the settlement agreement waived Shirley's expectancy interest as a contingent beneficiary in the land trust.

Effect of Waiver on Life Insurance Policy

The next issue we must address is whether the waiver provision waives any right Shirley may have had in the proceeds of the John Hancock policy.

It is well settled that unless specifically provided for in the marital settlement agreement, a former spouse is not precluded from collecting the other spouse's insurance policy proceeds as a named beneficiary. 
Williams v. Gatling
, 186 Ill. App. 3d 21, 542 N.E.2d 121 (1989); 
Cox v. Employers Life Insurance Co.
, 25 Ill. App. 3d 12, 322 N.E.2d 555 (1975); 
O'Toole v. Central Laborers' Pension & Welfare Funds
, 12 Ill. App. 3d 995, 299 N.E.2d 392 (1973).     

Shirley's attorney drafted Angelo's financial affidavit.  The John Hancock policy was not mentioned in that affidavit or the settlement agreement.  The Executor contends that this court should ignore the omission of the policy from the agreement and award the proceeds of the policy to the estate.  We disagree.

As we previously recognized, specificity is required for a waiver provision to be effective.  Angelo's failure to disclose the existence of the John Hancock policy prevents any waiver of an expectancy interest from operating to defeat Shirley's claim to the proceeds. See 
Williams
, 186 Ill. App. 3d at 22, 542 N.E.2d at 123 (holding that a divorce decree containing a broadly worded waiver, but failing to mention a specific insurance policy or pension account, could not defeat the wife's claim to those proceeds).  Angelo's duty to disclose was not discharged simply because Shirley's attorney drafted the affidavit.  Thus, although perhaps inadvertent, Angelo's failure to list the John Hancock policy as an asset bars his estate from precluding Shirley's recovery of the proceeds under the settlement agreement. 

But the Executor argues that Angelo's intent to change the named beneficiary of the John Hancock policy was relevant and the court committed reversible error by refusing to permit Angelo's attorney to testify.  The Executor contends that, based on Angelo's intent, the court should have awarded the proceeds of the policy to the estate.

We agree with the Executor's contention that intent is relevant.  In determining whether the decedent took sufficient steps to change the named beneficiary of a life insurance policy before his death, the threshold question is the firmness of the decedent's intent to make the change. 
Dooley v. James A. Dooley Associates Employees Retirement Plan
, 92 Ill. 2d 476, 442 N.E.2d 222 (1982).  The courts have developed a "substantial compliance" test to ascertain whether the decedent actually intended to change the beneficiary named on the policy even though he failed to complete the change in writing. See 
Dooley
, 92 Ill. 2d at 484, 442 N.E.2d at 226.  Substantial compliance with the insurance policy guidelines for changing the beneficiary requires that the evidence establish intent on the part of the insured to make the change and that positive steps have been taken toward achieving the change. 
Principal Mutual Life Insurance Co. v. Juntunen
, 189 Ill. App. 3d 224, 545 N.E.2d 224 (1989).    

In the instant case, we cannot say that the court committed reversible error by excluding the testimony regarding Angelo's intent.  The key to preserving the record and properly saving error is the offer of proof. 
People v. Andrews
, 146 Ill. 2d 413, 588 N.E.2d 1126 (1992).  The purpose of the offer of proof is to disclose the witness and the nature of the offered testimony for the information of the trial judge and opposing counsel, and to allow the reviewing court to consider whether the exclusion was erroneous and harmful. 
Little v. Tuscola Stone Co.
, 234 Ill. App. 3d 726, 600 N.E.2d 1270 (1992).  

At the initial hearing on the motion to compel payment, the Executor offered the testimony of Kaminski, Angelo's attorney.  The court refused to allow this testimony, stating that the offer was premature.  The Executor's counsel then failed to make an offer of proof to indicate the premise of Kaminski's testimony.  Morevoer, she failed to make an offer of proof at any time during the three subsequent hearings.  Accordingly, we must affirm the trial court's decision to exclude Kaminski's testimony. 

Real Estate Taxes

The last issue we must consider is whether the decedent's estate is obligated to pay the real estate taxes on the parties' martial residence until August, 2002.  

A marital settlement agreement is governed by the laws of contractual interpretation. 
In re Marriage of Olsen
, 124 Ill. 2d 19, 528 N.E.2d 684 (1988).  In general, a contract should be given a fair and reasonable interpretation based on the consideration of all its language and provisions. 
Shelton v. Andres
, 106 Ill. 2d 153, 478 N.E.2d 311 (1985).  In construing this language, a court should attempt to give effect to the intention of the parties  at the time they entered into the contract. 
USG Corp. v. Sterling Plumbing Group, Inc.
, 247 Ill. App. 3d 316, 617 N.E.2d 69 (1993).  The interpretation of a contract is a question of law to be reviewed 
de
 novo. 
Illinois Valley Asphalt, Inc. v. LaSalle National Bank
, 54 Ill. App. 3d 317, 369 N.E.2d 525 (1977).

The Executor contends that because the settlement agreement does not contain a specific provision requiring the payment of the real estate taxes to continue in the event that the mortgage is prepaid, the trial court incorrectly ordered the estate to continue paying taxes until August of 2002. 

The payment of real estate taxes on the marital residence was specifically defined in the settlement agreement as part of Angelo's maintenance payments to Shirley.  Those payments, equal to the first mortgage, including principal, interest and real estate taxes, were acknowledged by both parties as payments incident to the judgment of dissolution and in discharge of Angelo's legal obligation to support Shirley.  The only event that could have resulted in the termination of those payments was Shirley's sale of the marital residence.  A reasonable interpretation of this maintenance payment agreement is that the payments would continue until the maturity date of the first mortgage in the year 2002.  Accordingly, we affirm the trial court's decision holding the estate responsible for the payment of the real estate taxes through the first mortgage's maturity date. 

For the foregoing reasons, the judgment of the circuit court of DuPage County is affirmed.

Affirmed.

HOMER, J., concur.

HOLDRIDGE, J., partial concurrence/partial dissent.

JUSTICE HOLDRIDGE, concurring in part and dissenting in part:

 

I agree with the majority's statement that a divorce does not terminate property rights of a husband and wife that exist independently of the marriage.  
Leahy v. Leahy-Schuett
, 211 Ill. App. 3d 394 (1991).  I agree with the majority's statement that a dissolution agreement may extinguish a divorced spouse's expectancy interest in a land trust or insurance policy 
if the agreement includes a clear expression of the spouse's waiver of that interest
.  
In re Marriage of Myers
, 257 Ill. App. 3d 560 (1993).   I also agree with the majority's statement that two factors determine the effect of a waiver provision in a marital settlement agreement on a specific expectancy interest in dispute: (1)whether the expectancy interest in dispute was specifically listed as a marital asset and awarded to a spouse; and (2) whether the waiver provision contained in the settlement agreement specifically states that the parties are waiving any expectancy or beneficial interest in that asset.  See, 
Leahy
, 211 Ill. App. 3d at 400.   

I agree with the majority's statement that the holding in 
Leahy
 is relevant to the instant matter.   In 
Leahy
, the wife held a beneficial interest in an Illinois land trust the corpus of which was a commercial building.  In the marital settlement agreement, the husband was awarded the building "free and clear of any claim whatsoever" by the wife in the marital settlement agreement.  
Leahy
, 211 Ill. App. 3d at 396.  The husband died testate and assigned the building to his children.  The court held that general release contained in the marital settlement agreement did not extinguish the wife's beneficial interest in the land trust.   

I also strongly agree with the majority's statement that specificity is required for a waiver to be effective; and I agree completely with the majority's statement that a divorce decree that contains a broadly worded waiver, but fails to mention a specific insurance policy, pension account, 
i
.
e
. an expectancy interest in a specific asset, cannot defeat the named beneficiary's claim to that expectancy.  

I even agree with the majority's holding that the general release provision in the Velasquez marital settlement agreement was not sufficient to waive Shirley Velasquez's claim to the proceeds of the insurance policy.

In view of the above well-settled law, law correctly cited by the majority, I fail to see how the general release provision of the Velasquez marital settlement agreement is sufficient to waive Shirley Velasquez's beneficial interest in the land trust.  I would reverse the trial court's holding that she waived her beneficial interest in the land trust, and I therefore, respectfully, dissent from that portion of the opinion.