# Illinois Official Reports

## Appellate Court

---

### *Estate of Albrecht v. Winter*, 2015 IL App (3d) 130651

---

| | |
|---|---|
| Appellate Court Caption | THE ESTATE OF DOUGLAS V. ALBRECHT, Plaintiff-Appellee and Cross-Appellant, v. CHERYL A. WINTER, Defendant-Appellant and Cross-Appellee. |
| District & No. | Third District<br>Docket No. 3-13-0651 |
| Filed | February 20, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action by decedent's estate and his surviving former spouse challenging the trial court's award paying the proceeds of a life insurance policy on decedent and a surviving spouse annuity to decedent's former wife based on the trial court's finding that the former wife waived her rights to the proceeds of the insurance policy but not the surviving spouse annuity in the property settlement, the appellate court, in considering the parties' cross-appeal and in the absence of language sufficient to constitute a waiver of the surviving spouse's rights in the insurance proceeds, found that the trial court erred in awarding those proceeds to her and the judgment for her was reversed; however, with respect to the provisions of the settlement agreement dealing with the surviving spouse annuity, the language listing the pension payments demonstrated an intent that decedent's former spouse would waive any interest and that she would continue to receive the surviving spouse annuity, which would leave her with a monthly pension income nearly equal to decedent's, and therefore, the trial court did not err in finding that she did not waive her rights to the surviving spouse annuity. |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 11-P-157; the Hon. Michael Brandt, Judge, presiding. |

Judgment                    Reversed in part and affirmed in part.



Counsel on                  James P. Lawson (argued), of Hasselberg, Williams, Grebe,
Appeal                      Snodgrass & Urban, of Peoria, for appellant.


                            Jeremy H. Heiple and Jonathan J. Heiple (argued), both of Heiple Law
                            Offices, of Peoria, for appellee.



Panel                       JUSTICE O'BRIEN delivered the judgment of the court, with
                            opinion.
                            Presiding Justice McDade and Justice Holdridge concurred in the
                            judgment and opinion.

**OPINION**

¶ 1      Plaintiff, the estate of Douglas Albrecht (the Estate), challenged the payment of the proceeds of a life insurance policy and a surviving spouse annuity to defendant Cheryl Albrecht, Douglas's former wife, arguing Cheryl waived her rights to the insurance proceeds and annuity in the judgment of dissolution. The trial court found that Cheryl waived her rights to the insurance policy proceeds but not to the surviving spouse annuity. Cheryl appealed and the Estate cross-appealed. We affirm in part and reverse in part.

¶ 2                                    FACTS

¶ 3      Defendant Cheryl Winter (f/k/a Cheryl Albrecht) and Douglas Albrecht were married in May 1975. In January 2003, Douglas retired from his job at Caterpillar effective February 1, 2003, and applied for his pension benefit. He elected a surviving spouse's benefit of $650 per month and named Cheryl, his then-wife, as beneficiary. Upon his February 1, 2003, retirement, Douglas began receiving $2,252 in monthly pension payments.

¶ 4      Cheryl and Douglas divorced in April 2004. The judgment of dissolution incorporated a property settlement agreement in which the parties divided their assets equally or assigned each spouse his or her own assets, such as vehicles and bank accounts. The agreement further included the following terms, in relevant part:

           "M. That the Defendant, DOUGLAS V. ALBRECHT, shall have for and as his own, free and clear of any claims of the Plaintiff, his Caterpillar, Inc. Non-Contributory Pension Plan, and the Plaintiff, CHERYL A. ALBRECHT, shall waive an interest in said pension as the Defendant is currently drawing said pension in the gross amount each month of $2,251.82.

***

O. That the Plaintiff, CHERYL A. ALBRECHT, shall have for and as her own, free and clear of any claims of the Defendant, her benefits under the L.R. Nelson Corporation Employees' Pension Plan wherein she has a projected benefit of $1,690.23 per month beginning March 1, 2017.

P. That the Plaintiff, CHERYL A. ALBRECHT, shall have for and as her own, free and clear of any claims of the Defendant, her own life insurance policies.

Q. That the Defendant, DOUGLAS V. ALBRECHT, shall have for and as his own, free and clear of any claims of the Plaintiff, his own life insurance policies.

* * *

Y. That both of the parties are and shall be forever barred from all interest in and to the property of the other, either now owned or hereafter acquired, including all rights of homestead and inheritance, the same as if said marriage had never taken place."

¶ 5    In 2006, Douglas married Wendy Albrecht and he remained married to her until his death in April 2011. Douglas died intestate, leaving Wendy as his sole heir. Wendy was named administrator of his estate and the Estate applied for, but was denied, the proceeds from a MetLife life insurance policy Douglas had purchased through Caterpillar. In May 2011, Cheryl submitted a claim for the proceeds of the life insurance policy, and Caterpillar issued Cheryl, the named beneficiary on the policy, a check in the amount of $44,415. Also in May Cheryl began receiving the surviving spouse annuity from Caterpillar in a monthly amount of $678.

¶ 6    The Estate filed a rule to show cause in Cheryl and Douglas's dissolution action, contending that Cheryl had violated the waiver provisions in the dissolution judgment by accepting the surviving spouse annuity and life insurance proceeds. The rule was dismissed without prejudice on Cheryl's motion and the Estate was given leave to refile in probate court. The Estate filed a petition for citation and declaratory ruling in the probate action, seeking a declaration regarding the waiver provisions in the judgment of dissolution.

¶ 7    The hearing took place on the Estate's motion, after which the trial court issued an order allowing the petition as to the life insurance proceeds and denying it as to the surviving spouse annuity. Judgment was entered against Cheryl in the amount of $44,415, the total amount of the insurance payout. The citation was discharged. Both parties moved for reconsideration. Their motions were heard and denied. Cheryl appealed the life insurance finding and the Estate filed a cross-appeal challenging the trial court's ruling on the surviving spouse annuity.

¶ 8                                    ANALYSIS

¶ 9    We consider two issues on appeal. Cheryl appeals whether the trial court erred when it found that she waived her right to the life insurance proceeds. In the Estate's cross-appeal, the issue is whether the trial court erred when it found that Cheryl did not waive her right to the surviving spouse annuity.

¶ 10    We first resolve Cheryl's challenge to the trial court's determination that she waived her rights to the proceeds from the MetLife life insurance policy. Cheryl argues that the trial court erred in finding that she waived her rights to the life insurance proceeds. She submits

that the language in paragraphs Q and Y of the judgment of dissolution are insufficient to effect waiver and that she is entitled to the life insurance proceeds.

¶ 11 Property rights of a husband and wife that exist independent of the marriage are not terminated by a divorce. *Leahy v. Schuett*, 211 Ill. App. 3d 394, 397-98 (1991). A spouse named as a beneficiary in an insurance policy has an expectancy interest that must be expressly waived for there to be a surrender of the interest under a judgment of dissolution. *In re Marriage of Myers*, 257 Ill. App. 3d 560, 564 (1993). General waiver language is insufficient to waive an expectancy interest. *Principal Mutual Life Insurance Co. v. Juntunen*, 189 Ill. App. 3d 224, 227 (1989). A waiver should be specific. *Deida v. Murphy*, 271 Ill. App. 3d 296, 300 (1995). To determine a waiver's effect, the court considers two factors: (1) whether the disputed asset was specifically listed as a marital asset and awarded to one spouse; and (2) whether the waiver provision specifically states the parties are waiving any expectancy or beneficial interest. *In re Marriage of Velasquez*, 295 Ill. App. 3d 350, 353 (1998). We review *de novo* a trial court's interpretation of a waiver provision in a contractual agreement. *Velasquez*, 295 Ill. App. 3d at 353.

¶ 12 Paragraph Q in the judgment of dissolution states: "the Defendant, DOUGLAS V. ALBRECHT, shall have for and as his own, free and clear of any claims of the Plaintiff, his own life insurance policies." The paragraph did not expressly list any named insurance policies, so we consider the MetLife policy falls under paragraph Q's general "insurance policies" provision. Although the MetLife policy was not specifically identified, "insurances policies" are listed as marital assets, satisfying the first step of the *Velasquez* test. Paragraph Q, however, does not specify waiver of Cheryl's expectancy interest as required by step two of the *Velasquez* test. None of the provisions in the judgment of dissolution expressly waive Cheryl's expectancy interest, or even mention it.

¶ 13 The trial court relied on the "free and clear of any claims" language in finding that the judgment provisions included a waiver of Cheryl's beneficial interest. Its reliance was misplaced. In *Leahy*, the reviewing court contrasted a specific waiver of a claim with language awarding property to a spouse "free and clear" of the other spouse's claim. *Leahy*, 211 Ill. App. 3d at 399. The *Leahy* court considered that the ex-wife's beneficial interest was not a claim but an expectancy the husband was free to change and that the "free and clear" language was insufficient to waive the interest. *Leahy*, 211 Ill. App. 3d at 400. Similarly here, Douglas was free to replace Cheryl as his beneficiary at any time. Although Douglas and Cheryl divorced in 2004, Douglas maintained Cheryl as the beneficiary of the life insurance policy and she retained an expectancy interest in the proceeds. The judgment of dissolution did not specify a waiver of Cheryl's expectancy interest in the "insurance policies" of paragraph Q. We find the language is insufficient to constitute a waiver of Cheryl's rights in the MetLife insurance proceeds and conclude that she was entitled to the MetLife life insurance proceeds. The trial court erred in entering judgment against her.

¶ 14 Cross-appeal

¶ 15 In its cross-appeal, the Estate argues that paragraphs M and Y of the judgment of dissolution sufficiently waive Cheryl's interest in the surviving spouse annuity and that the trial court erred in awarding it to Cheryl. It asserts paragraph M identified Douglas's pension to be "free and clear of any claims" of Cheryl, and combined with the general waiver provisions of Y, constitutes waiver of the annuity. The Estate further asserts the parties

- 4 -

intended Cheryl to waive any right to receipt of benefits under Douglas's pension plan, including the surviving spouse annuity.

¶ 16    A survivor's benefit is a distinct property interest, although contingent in nature, and is properly considered a marital asset. *In re Marriage of Sawicki*, 346 Ill. App. 3d 1107, 1117 (2004). The general rule that a spouse named as a beneficiary has an expectancy interest in an insurance policy that may be waived in a judgment of dissolution in "a clear expression of the spouse's surrender of that interest" also applies to annuities. *Myers*, 257 Ill. App. 3d at 564. Any waiver of an expectancy interest in an annuity must be specific and boilerplate language is insufficient to waive the interest. *Deida*, 271 Ill. App. 3d at 300.

¶ 17    The Estate looks to *Robson v. Electrical Contractors Ass'n Local 134 IBEW Joint Pension Trust*, 312 Ill. App. 3d 374 (1999), as support for its contention that a specific mention of an asset in a judgment of dissolution, along with a general waiver provision, is a sufficient surrender of a spouse's rights. In *Robson*, the reviewing court determined that the ex-wife's survivor benefit in the ex-husband's pension was waived pursuant to language in a qualified domestic relations order (QDRO), finding "the court-approved QDRO overrode the beneficiary designation." *Robson*, 312 Ill. App. 3d at 382. Although the *Robson* court noted the judgment of dissolution listed the pension as a marital asset and another provision provided a general waiver by which the wife surrendered her rights to any property arising out of the marital relationship, it based its disposition on the QDRO waiver. *Robson*, 312 Ill. App. 3d at 382-83. *Robson* is distinguished. Here, there was no QDRO order to effectuate a division of the parties' pensions and the trial court was bound by the language of the judgment of dissolution.

¶ 18    Under the two-step test set forth in *Velasquez*, the Estate's claim to the surviving spouse annuity fails. Paragraph M mentions Douglas's pension as required under the first *Velasquez* step. However, the second step is not satisfied. The judgment of dissolution does not specify the surviving spouse annuity or include an express waiver of Cheryl's expectancy interest. In *Myers*, the husband was retired and collecting a pension when the parties divorced, and the ex-wife remained a beneficiary. *Myers*, 257 Ill. App. 3d at 562. After the husband died, the ex-wife began receiving pension payments and the estate sought to retrieve the payments, claiming the ex-wife waived her rights in the judgment of dissolution, which contained a general waiver clause. *Myers*, 257 Ill. App. 3d at 562. The *Myers* court concluded, like the trial court here, that the ex-wife had an expectancy interest, and because the judgment of dissolution did not include "a clear expression of the spouse's surrender of that interest," there was no waiver. *Myers*, 257 Ill. App. 3d at 564.

¶ 19    The Estate argues that the specificity of paragraph M in listing the amount of Douglas's pension payments at $2,252 demonstrates the parties' intent that Cheryl waive any interest. We reach the opposite conclusion. Paragraph M lists the monthly payment amounts to Douglas, supporting the idea that the parties intended to maintain Cheryl as the beneficiary on the surviving spouse annuity. Because Douglas was already retired, his monthly pension payments reflected the reduced amount he received in order to fund the surviving spouse annuity for Cheryl. The judgment of dissolution states that Cheryl's own pension would provide her a projected benefit of $1,690.23 per month beginning on March 1, 2017. The $650 in surviving spouse benefits would boost her annual pension payment to a total of $2,340, a number that more closely approximated Douglas's monthly pension income of $2,252. The nearly equal distribution of pension assets is aligned with the 50/50 division of

the parties' property evidenced throughout the judgment of dissolution. We find that the trial court did not err in finding that Cheryl did not waive her rights to the surviving spouse annuity.

¶ 20 For the foregoing reasons, the judgment of the circuit court of Peoria County is reversed in part and affirmed in part.

¶ 21 Reversed in part and affirmed in part.