291 So.2d 114 (1974)
BILTMORE MOTOR CORP., a Florida Corporation, et al., Appellants,
v.
Diego ROQUE, Appellee.
No. 73-752.
District Court of Appeal of Florida, Third District.
February 12, 1974.
Rehearing Denied March 6, 1974.
Lopez, Hannon & Harris, Miami, for appellants.
Dubbin, Schiff, Berkman & Dubbin and David N. Nissenberg, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellants, defendants in the trial court, seek review of a final judgment that mandatorily required revocation and rescission of a recapitalization of the Biltmore Motor Corp.
The facts adduced at trial revealed that the corporation is closely held by the plaintiff *115 and the two individual defendants and members of their respective families. Until May 2, 1972, the plaintiff, Diego Roque, held 40% of the stock in the company, and defendants Jose Machado (40%) and Ramon Rodriguez (20%), controlled the remaining stock issued and outstanding. On that date, the individual defendants purchased a new issue consisting of 715 shares of common stock, at $100 per share, which reduced the plaintiff's stock holding in the corporation to less than five per cent.
This new issue had been authorized by the two defendants, acting as the Board of Directors. The reason advanced for the change in capital structure for the company was that repayment of substantial loans to the plaintiff's family had seriously impaired the capital of the corporation, jeopardizing its credit standing and its ability to profitably conduct business.
The evidence showed that the plaintiff had been involved in the business for eleven years, that he served as an employee, vice-president and director of the company, and that on January 31, 1972 his employment was terminated. Efforts were made by the defendants to purchase plaintiff's stock interest at a price considerably less than the market value of the stock, which an expert witness, a C.P.A., estimated to be $6,900 per share. Roque refused to sell, and therefore defendants demanded his resignation as an officer and director of the corporation. Plaintiff accordingly tendered his resignation.
Prior to purchasing the new stock issue, the defendants offered the plaintiff his right to purchase his prorata share of the stock pursuant to Fla. Stat. § 608.42(2), F.S.A. However, plaintiff did not exercise his pre-emptive rights, and the trial court found that defendants' offer had been "an empty gesture, since the individual defendants knew that the plaintiff, having been ousted from the corporate family, would not invest any more money in the company." The new offering of shares, at $100 per share, was disproportionate to the market value of the stock which plaintiff already held, and the purchase of the new stock would have resulted in a dilution of his current holdings.
In addition, the trial court found that despite the defendants' claim that additional operating capital was needed for reasons hereinabove noted, the defendants began withdrawing sums of money for repayment of loans and in payment of undistributed earnings. The two defendants also raised their own salaries to a level which was $17,500 in excess of the composite salary paid all three stockholders prior to the termination of Roque's employment.
At the conclusion of the evidence, the trial court found that there was no legitimate corporate purpose for the recapitalization of the company; that the only apparent purpose for it was to dilute the plaintiff's interest; that by recapitalizing the corporation the individual defendants had breached their fiduciary duty as majority stockholders to the minority interest held by the plaintiff. Consistent therewith, the trial judge ordered the defendants to revoke and rescind the recapitalization and to return all the shares issued subsequent to the date of recapitalization and cancel the same of record.
We have considered the record, all points in the briefs, and arguments of counsel in the light of controlling principles of law, and conclude that no reversible error has been demonstrated.
It is apparent that the individual defendants in this cause, acting in their capacity as directors and majority shareholders, entered into a scheme directed against the minority shareholder, Roque, to sell a new stock issue at a price materially less than its market value, thus diluting the latter's stock. The evidence in the record supports the trial court's conclusion that no legitimate business purpose for the directors' action was shown and that their action constitutes an abuse of discretion and a violation of their fiduciary duty to the plaintiff. See Fletcher, Cyc. of Corporations, Vol. 11, § 5135 at pages 167-168; Rowland v. *116 Times Pub. Co., 160 Fla. 465, 35 So.2d 399 (1948); Katzowitz v. Sidler, 24 N.Y.2d 512, 301 N.Y.S.2d 470, 249 N.E.2d 359 (1969); Browning v. C & C Plywood Corp., 24 Or. 574, 434 P.2d 339 (1967). From the evidence in the record in this cause, we are persuaded that the primary purpose for the recapitalization of the company was to oust the plaintiff as a stockholder.
Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.