William **EVERDELL**, et al., Plaintiffs,

v.

Walter L. **PRESTON**, et al., Defendants.

No. 89–624–CIV–T–17(C).

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 9, 1989.

Leigh E. Dunston, Stephen L. Hayford, Gunster, Yoakley, Criser & Stewart, P.A., West Palm Beach, Fla., for plaintiffs.

Charles W. Pittman, MacFarlane, Ferguson, Allison & Kelly, Tampa, Fla., for defendants.

## ORDER ON MOTIONS TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motions to dismiss the claims of the estate of Marian P. Darling and to dismiss the claims of Eleanore D. Everdell, filed May 25, 1989; memoranda in support of the motions, filed June 1, 1989; and responses thereto, filed June 22, 1989.

▮ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

The complaint in this cause of action was filed May 3, 1989, by Plaintiffs William Everdell and Howard R. Merriman, co-executors of the estate of Marian P. Darling (Darling Estate), and Eleanore Darling Everdell (Everdell). The complaint named the following defendants: Walter L. Preston as co-trustee of trusts A, B, and C of the third clause under will of Mary M. Preston; Walter L. Preston as president, director, chief executive officer, controlling person and controlling shareholder of the Manatee Fruit Company, Inc.; Walter L. Preston, individually; and the Manatee Fruit Company, Inc. (the Company).

The complaint asserts the following facts, which the Court accepts as true for the purposes of the motions to dismiss:

1. Defendant Walter Preston is co-trustee, with Hayden Preston, of three (3) trusts created by the will of Mary M. Preston, which trusts are denominated as Trust A, Trust B, and Trust C under the Third Clause under the Will of Mary M. Preston (Will Clause).

2. The three trusts were established in order to provide lifetime income for each of her three children, Hayden Preston, Whiting Preston and Marian Preston Darling, and to ensure a substantial remainder benefit to the issue, if any, of her children.

3. Originally the corpus of each trust consisted of shares of the common stock of the Company. In or about October, 1988, Trust A held 7,950 shares, Trust B held 4,770 shares, and Trust C held 3,180 shares.

4. The lifetime income beneficiary of Trust A is Hayden Preston, who is currently living and without issue. All three trusts will terminate upon the death of Mr. Preston.

5. The original beneficiary of Trust B was Whiting Preston, deceased. The issue of Whiting Preston are Walter Preston and Jane Preston Fitzgerald, who are the income beneficiaries of this trust.

6. Trust C's original beneficiary was Marian P. Darling, deceased. The only living issue of Ms. Darling is Eleanore D. Everdell and income beneficiary of Trust C. Ms. Everdell is also the sole beneficiary of the estate of Marian P. Darling.

7. Under the Will Clause, on the death of Hayden Preston, the corpus of Trust A will be divided as follows: Part 1) sixty percent (60%) of the corpus will be transferred to the corpus of Trust B and Part 2) forty percent (40%) of the corpus will be transferred to Trust C. After said division, the trusts will be dissolved and the corpus of the respective trusts will be paid over to the beneficiaries; for Trust B to Walter Preston and Jane Preston Fitzgerald and for Trust C to Eleanore D. Everdell.

8. The Company is a closely-held corporation whose shareholders are limited to the issue of Mary Preston, their estates, and the three trusts. Prior to October 18, 1988, the distribution of the 40,000 outstanding shares was as follows:

| Shareholder | Number of Shares |
| --- | --- |
| Estate of Darling | 4,300 |
| Trust A | 7,950 |
| Trust B | 4,770 |
| Trust C | 3,180 |
| Great and great, great grandchildren | 1,440 |
| Hayden Preston | 4,300 |
| Jane Fitzgerald | 4,254 |
| Whiting Preston II | 2,657 |
| Walter Preston | 7,149 |

The complaint alleges that in the fall of 1988, Defendant Walter Preston set in motion a scheme to consolidate his control of the Company and perpetuate control in himself and his issue after the death of Hayden Preston and the termination of the trusts. In furtherance of his plan, Plaintiffs assert that Walter Preston caused the Company to use corporate resources to redeem the shares held by the estate of Darling and the shares held by Trusts A and C; as of May 1, 1989, 7,480 shares had been redeemed by transferring them to non-voting treasury stock at company expense.

The complaint further alleges that Walter Preston caused a disproportionate benefit to accrue to interests held by his sister or held in Trust A and B for her benefit. The complaint alleges that conversely Walter Preston caused a disproportionate disadvantage to the stock held by the estate of Darling and Trust A and C held for the benefit of Eleanore D. Everdell. The complaint pleads the methods Walter Preston allegedly utilized to accomplish said scheme. (Complaint pages 7–17).

The complaint contains the following claims: 1) breach of fiduciary duty as a trustee (redemption of the 4,300 shares owned by the estate of Darling)—against Walter Preston, as co-trustee, by all Plaintiffs; 2) breach of fiduciary duty and duty of good faith as corporate officer/director and as controlling shareholder (redemption of the 4,300 shares owned by the estate of Darling)—by Plaintiffs William Everdell and Howard Merriman; 3) fraud (redemption of the 4,300 shares owned by the estate of Darling)—by Plaintiffs William Everdell and Howard Merriman; 4) breach of fiduciary duty as trustee (Walter Preston's purchase of certain shares from Trusts A and B)—by Plaintiff Eleanore D. Everdell; 5) action for accounting-by Plaintiff Eleanore D. Everdell; 6) action to enjoin division of trust-by Plaintiff Eleanore D. Everdell; and 7) action to remove trustee-by Plaintiff Eleanore D. Everdell.

## MOTION TO DISMISS CLAIMS BY ESTATE OF DARLING

Defendants move to dismiss Count I of the complaint because the complaint fails to make sufficient allegations of ultimate fact to support the contention that Walter Preston owed a fiduciary duty to the estate of Darling. Defendants allege that the sale concerned in Count I was between the Company and the estate of Darling and that Walter Preston was not a party in the capacity of co-trustee.

Plaintiffs assert that in the circumstance of this case, the conduct of Walter Preston toward the estate of Darling should be controlled by the same high standard of fiduciary duty that would govern his duty as a trustee of the three trusts and that the claim of Defendants is rendered inapplicable by Walter Preston to fully disclose.

The parties appear to agree that generally there is no fiduciary duty imposed on a trustee as to dealings with the trust beneficiary as to dealings on property owned by either party which is unrelated to the trust. *Bogert, Trusts and Trustees* Section 544 (2d Ed.1979). Plaintiffs allege that the transactions in this cause are so inextricably intertwined that the conduct of Walter Preston is subject to a claim of

breach of fiduciary duty. The Court agrees that Plaintiffs have at least alleged an arguable claim for breach of fiduciary duty by Walter Preston in Count I. The subject appears more appropriate for a motion for summary judgment.

Defendants next seek dismissal of Count II because they assert that Walter Preston as president, director, and majority shareholder of the Company owed no fiduciary duty to the estate of Darling.

There has been a split among the states as to whether or not a director or officer of a corporation, in purchasing shares from individual stockholders, has a fiduciary duty to the stockholder. One point of view, the apparent majority view, is that there is no fiduciary duty owed to the individual stockholder. A second view is that the director may be considered a quasi trustee and there is a fiduciary duty of full disclosure. The last position, is that even though generally there is no duty, there may be "special facts" or circumstances which will give rise to a duty to disclose. *Goodman v. Poland*, 395 F.Supp. 660, 678 (D.MD.1975).

■ Florida appears to follow the second view, in that Florida a corporate director or officer "occupies a quasi-fiduciary relation to the corporation and the existing stockholders. He is bound to act with fidelity and the utmost good faith." *Farber v. Servan Land Co., Inc.*, 662 F.2d 371, 377 (5th Cir.1981), citing *Flight Equipment & Engineering Corp. v. Shelton*, 103 So.2d 615, 626 (Fla.1958). See also, *Biltmore Motor Corp. v. Roque*, 291 So.2d 114 (3rd D.C.A.1974). The motion to dismiss Count II is not well-taken.

Defendants' final issue on this first motion to dismiss asserts that the complaint fails to plead fraud with the specificity required by Rule 9(b), Fed.R.Civ.P. The Court finds the complaint sufficient to state a claim for fraud under the specificity requirements of Rule 9(b).

MOTION TO DISMISS CLAIMS OF ELEANORE D. EVERDELL

Defendants allege that Eleanore Everdell has no standing to challenge Walter Preston's purchase of certain shares of Trusts A and B, therefore seeks dismissal of Count IV.

It is clear that Eleanore Everdell has no beneficial interest in Trust B. Plaintiffs however claim that she is vested beneficiary under Trust A and C, and, therefore, she has standing to bring Count IV because the challenged conduct as to Trust B impacted on her vested interests in Trusts A and C.

■ The first question is whether or not Eleanore Everdell is a contingent or vested beneficiary in Trust A. An interest or benefit is contingent where the condition upon which a future interest depends is a condition precedent. *Ballentine's Law Dictionary*, 3rd Ed. (1960). It is not the uncertainty of enjoyment in the future, but the uncertainty of the right of enjoyment which makes the difference between a "vested" and a "contingent" interest. *Black's Law Dictionary*, 5th Ed. (1979).

■ Plaintiff Eleanore Everdell's interest in Trust A is contingent on a condition precedent: that Hayden Preston die without lawful issue. Hayden Preston is still living, is 92 years of age and currently resides in a nursing home facility, and even though it may seem unlikely that he will die with legal issue, that is not the issue for the Court.

The issue is whether or not Plaintiff's interest is vested in Trust A. It is not. The impossibilities of conception and birth are becoming fewer and fewer as the state of medical science advances. Courts today are having to decide such timely issues as the "custody" of seven, fertilized embryo in a divorce case, where the divorcing husband seeks to prevent the impregnation of his estranged wife with the embryo he fertilized during their marriage. The Court rules that Plaintiff Eleanore Everdell has no vested interest in either Trust A or B at this time.

■ As to Count IV, the claim of breach of fiduciary duty as to Trust C is a valid cause of action. Plaintiff alleges that the breach of duty as to her trust was accomplished in two ways; self-dealing, and, as adverse, seller of the assets of her trust.

The Court finds that the allegations of Count IV are sufficient to raise an issue of breach of fiduciary duty as to Trust C, including the evidence of self-dealing and adverse interests as demonstrated by Walter Preston's alleged action in regard to all three (3) trusts.

Count V seeks an accounting regarding the trusts. The propriety of an accounting is a determination for the finder of fact in those trusts to which Plaintiff Eleanore Everdell is a vested beneficiary and in any other trust in which the Court finds she should equitably be allowed an accounting.

In Count VI, Plaintiffs seek to enjoin division of Trust A. The Court agrees with the motion to dismiss that there is no basis for this count.

■ The final issue is whether or not the complaint states a cause of action in Count VII, as to removal of Walter Preston as trustee. The Court finds that Plaintiff Eleanore Everdell has standing to bring an action for removal of Walter Preston as co-trustee of Trust C and the propriety of such removal is factual in nature and not subject to a motion to dismiss.

ORDERED that the motion to dismiss the claims of the estate of Darling be denied; the motion to dismiss Count VI be granted; and the motion to dismiss the remaining counts brought by Eleanore D. Everdell, as they relate to Trust C, be denied.

DONE and ORDERED.