Rebecca S. **WILLIAMS** a/k/a Rebecca S. **Seibel, Plaintiff,**

v.

**NORTHERN TRUST BANK OF FLORIDA/SARASOTA, N.A., Defendant.**

No. 91–1595–CIV–T–15–A.

United States District Court, M.D. Florida, Tampa Division.

April 15, 1993.

Carl J. Robie, III, Bennett, Steves & Robie, Sarasota, FL, for Rebecca S. Williams.

Andrew Shaw, Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi, P.A., Sarasota, FL, for Northern Trust Bank of Florida/Sarasota, N.A.

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

CHARLES R. WILSON, United States Magistrate Judge.

**THIS CAUSE** comes before the court on **Plaintiff's Motion for Partial Summary Judgment,** filed December 24, 1992 (doc. 26) and responses thereto, and Defendants several motions to strike affidavits in support of the Plaintiff's motion, filed January 25, 1993 (docs. 35–36).

### I. SUMMARY JUDGMENT

Summary judgment is appropriate only when the Court is satisfied "that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." In making this determination, the Court must view all of the evidence in a light most favorable to the non-moving party. *Samples ex rel. Samples v. Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988). The moving party has the initial burden of establishing the absence of a genuine issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Next, the "non-moving party ... bears the burden of coming forward with sufficient evidence of every element that he or she must prove." *Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1528 (11th Cir.1987). To that end, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file', designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

### II. BACKGROUND

The essential facts of this case are not in dispute. Emily Lefton is grantor of the Emily Lefton Revocable Living Trust ("the Trust"). Article 2 of the trust expressly reserves to Emily Lefton the right to revoke, alter, amend or otherwise change the Trust at anytime, in whole or in part, without the consent of anyone. Ms. Lefton has exercised her right to revoke and amend the trust four times since 1985.

Rebecca Williams, the plaintiff, is Emily Lefton's granddaughter. She is a beneficiary under two provisions of the trust: (1) Article 5 provides that Ms. Williams is to be paid monthly from the Trust an amount equal to one-twelfth of the annual exclusion for gift tax purposes during Ms. Lefton's lifetime, or unless Ms. Lefton directs otherwise in writing; (2) Article 7 provides that the balance of the trust will be divided into two equal shares and held in two separate trusts upon Emily Lefton's death. Should Rebecca Williams survive Emily Lefton, she would become the sole beneficiary of one of those two trusts. Pursuant to the first provision, Ms. Williams has received $833.33 per month for the past six years, amounting to total payments exceeding $60,000.

In May of 1991, a Sarasota County Circuit Court declared Emily Lefton totally incapacitated. The reports of the Examining Committee in that case diagnosed Emily Lefton with primary senile dementia with prognoses of progressive, unremitting deterioration of

her cognitive state, which will continue to deteriorate and require round-the-clock supervision. Ms. Lefton is over ninety years old.

The plaintiff sued, *inter alia*, for declaratory relief and a judgment ordering an accounting of expenditures and investments made in the trust from its commencement and a copy of all trust documents. The plaintiff makes these demands, relying upon Florida Statutes, section 737.303, which provides in pertinent part that:

> The trustee shall keep the beneficiaries of the trust reasonably informed of the trust and its administration. In addition:
>
> . . . .
>
> (2) Upon reasonable request, the trustee shall provide a *beneficiary* as defined under ss. 731.201 and 731.303 with a copy of the trust instrument that describes or affects his interest.
>
> (3) Upon reasonable request, the trustees shall provide any *vested beneficiary* with relevant information about the assets of the trust and the particulars relating to administration.
>
> (4) A *vested beneficiary* is entitled to a statement of the accounts of the trust annually and upon termination of the trust or upon change of the trustee.

Florida Statutes § 737.303 (1991) (emphasis provided). Plaintiff claims that Ms. Williams is, at least, a beneficiary within the meaning of the statutes, which provide that an "owner of a beneficial interest in a trust" is a beneficiary of that trust. *Fla.Stat.* § 731.201 (1991). Defendants concede that the plaintiff is, at least, a "contingent beneficiary" of the trust, and therefore a beneficiary thereof. (Def. Response at ¶ 2.) The principal issue, therefore, is whether the plaintiff is a *vested* beneficiary of the Trust, within the meaning of section 737.303.

The plaintiff claims that Ms. Lefton, the grantor, suffers a permanent incapacity. Because the right to terminate a trust or change its terms is personal to the trustor and is not passed on to her successor the plaintiff argues that the terms of the trust are no longer revocable in fact. *See Watson v. St. Petersburg Bank & Trust Co.,* 146 So.2d 383, 386 (Fla. 2d DCA 1962). The defendant alleges that Ms. Lefton's condition is permanent and irreversible. Therefore, the plaintiff concludes, Ms. Williams' interest in the income and principal of one-half of the trust upon her grandmother's death became vested when Emily Lefton was declared incompetent.

The defendant responds that a non-grantor beneficiary of a revocable trust is necessarily a contingent beneficiary because the right to receive the interest is subject to a condition precedent: the relevant provisions of the trust will not be revoked before the beneficiary takes. The defendant disputes whether Ms. Lefton's capacity is permanent, both as matters of fact and of law. Citing to case law holding that the holder of an interest that is subject to the condition that a ninety-two year old woman will not have lawful issue is a contingent beneficiary, the defendant contends that even if the plaintiff could prove Ms. Lefton's condition was permanent under present medical technology, the remote possibility of future advances precludes the plaintiff's interest from vesting. The defendant further argues that because the plaintiff's future interest is dependent upon Ms. Williams surviving Ms. Lefton, her interest is contingent for that reason alone.

## III. RIGHT TO AN ACCOUNTING

Prior to 1975, Florida law exempted trustees of inter vivos trusts from a duty to account to non-grantor beneficiaries. Florida Statutes § 737.27 (1973). In 1974 and 1975, the Florida Legislature repealed the Florida trust accounting law and replaced it with the text of the Uniform Probate Code. 1974 Fla.Laws ch. 106; 1975 Fla.Laws ch. 221 (codified as amended at Fla.Stat. ch. 737 (1991)). The Uniform Probate Code provided that *all* beneficiaries of a trust, including inter vivos trusts, were entitled to, *inter alia*, annual statements of account. In 1977, the Legislature amended section 737.303 to limit the trustee's duty to provide annual statements of account only to "vested" beneficiaries. 1977 Fla.Laws ch. 344. Section 737 does not define "vested", and no Florida case or present statute expressly determines whether a non-grantor beneficiary of a revo-

cable inter vivos trust is vested or contingent by reason of the power of revocation alone.

■ A vested interest is one that is limited to a certain person at a certain time, and in which no condition other than the termination of a preceding estate postpones its enjoyment. *In re Estate of Martin*, 110 So.2d 421, 423 (Fla. 2d DCA 1959). An interest is contingent where the right to a future interest depends upon a condition precedent. *Everdell v. Preston*, 717 F.Supp. 1498, 1501 (M.D.Fla.1989). It is not the uncertainty of enjoyment in the future, but rather the right of enjoyment which makes an interest contingent rather than vested. *Id.* Put another way, a remainder is contingent if taking of possession is subject to a condition precedent. *Martin*, 110 So.2d at 423.

For their proposition that mere revocability of a trust renders all future beneficial interests contingent, the defendant appeals to Illinois and Massachusetts law. *See, e.g., Leahy v. Leahy–Schuett*, 211 Ill.App.3d 394, 155 Ill.Dec. 894, 898, 570 N.E.2d 407, 411 (1991); *State Street Bank & Trust Co. v. Reiser*, 7 Mass.App. 633, 389 N.E.2d 768, 770 (1979). *But see First Nat. Bank v. Tenney*, 165 Ohio St. 513, 138 N.E.2d 15 (1956) (holding that remainder interest in revocable trust is vested remainder subject to divestment). The defendant further analogizes from the law of wills, where a testator may freely revoke and preclude heirs from obtaining a vested interest in their expectancy and from the law of so-called Totten trusts, bank accounts denominated in the form of a trust, reasoning that the revocability precludes vesting of a future interest. *See Fla.Stat.* § 732.514 (1991) (wills); *Seymour v. Seymour*, 85 So.2d 726 (Fla.1956) (Totten trusts). Moreover, the plaintiff claims that even if Ms. Lefton were permanently disabled, given present medical technology, that would not legally affect Ms. Williams' vested or contingent status. *See Everdell*, 717 F.Supp. at 1501 (holding that potential beneficiary whose trust interest depended upon barren 92 year old woman dying without issue was contingent beneficiary notwithstanding the near-impossibility of woman

having child given present medical technology).

## IV. STATUS OF A CURRENT INCOME BENEFICIARY

■ However, this Court need not reach any of those issues to dispose of the motions presently before it. Rebecca Williams held *two* interests in the trust: a future interest in the corpus of the trust upon Emily Lefton's death; and a present income interest, paid monthly in the amount of one-twelfth of the annual exclusion for gift tax purposes. The latter interest is a *present* interest, which vested as soon as the amended trust instrument was executed. Under the terms of that trust, Ms. Williams, a specific named beneficiary, receives a monthly stipend that was not subject to any condition before the right to receive the income was created. Ms. Williams has enjoyed for six years, and continues to enjoy the income from that provision.

Although Ms. Williams' enjoyment and right to receive the income is defeasible in that it can be terminated by revocation or amendment of the trust or by Emily Williams' death, such events are conditions *subsequent* to the beginning of her right to receive the income. They are not conditions precedent to her rights under the trust. Until the contingencies occur or the power to revoke is exercised, if ever, the interest has all the incidents of an indefeasible present interest. In short, Ms. Williams' current income interest, though it can be terminated upon the execution of a power or other circumstances is vested, albeit vested subject to divestment. *See Clark v. Continental Nat. Bank*, 88 F.Supp. 324, 332 (D.Neb.1949) (holding income beneficiary owns vested interest subject to divestment when income interest is subject to being withheld and possible termination in cases of wartime uncertainty). The cases cited by the defendants in support of its proposition that revocability alone precludes vested beneficiary status do not address the case of a beneficiary holding a current income interest.

In 1974 and 1975, the Florida Legislature replaced a statute that exempted every beneficiary of an inter vivos trust with one that

provided accountings for all beneficiaries. Because it did not reinstate the original language of the pre–1974 statute and instead used the language of "vested beneficiaries", it is unlikely that the legislature intended its 1977 amendment to once again exclude all beneficiaries of an inter vivos trust. By failing to reinstate the original blanket exemption in the pre–1974 statute, we may infer that the legislature intended something different from that blanket exemption.

This construction is expressly supported by the legislative history quoted by defendant in its memorandum opposing plaintiff's motion. The Senate Staff Analysis states that the legislature intended the most recent amendment limiting accountings to vested beneficiaries to

> exempt[ ] from the operation of [section 737.303] beneficiaries of a revocable living trust *unless they are current income beneficiaries.*

Senate Staff Analysis and Economic Statement, 1977 Fla.Leg., Reg.Sess., Report on S.B. 437 Trust Accounting (April 1977) (emphasis supplied). Moreover, the Staff Analysis goes on to state that "accountings to current income beneficiaries of living, testamentary, and revocable trusts are not affected by this bill." *Id.* Because law prior to the 1977 amendment required accountings for all trust beneficiaries, section 737.303 therefore requires that trustees must account to current income beneficiaries of a revocable living trust.

## V. CONCLUSION

In this case, Rebecca Williams is a current income beneficiary to the extent of the annual gift tax exemption. Therefore, the duties under 737.303 apply to Rebecca Williams in this case, so long as she continues to enjoy her defeasibly present income interest. It is therefore unnecessary to consider the factual question whether Emily Lefton's senility is a permanent condition or its effect upon the status of Ms. William's future interest in the trust because Ms. Williams would still be entitled to an accounting because of her present income interest.

Accordingly, it is hereby **ORDERED** that the plaintiff's Motion for Partial Summary Judgment (doc. 26) is **GRANTED,** and that the defendant's motions to strike affidavits (docs. 35–36) are **DENIED** as **MOOT.** The defendant trustee is hereby **ORDERED** to furnish to the plaintiff an accounting for each year of the trust and copies of all pertinent trust documents at the earliest possible time.

**ORDERED.**