*In re* MARRIAGE OF GRACE M. MYERS, Petitioner-Appellant, and EARL J. MYERS, Respondent-Appellee.

First District (6th Division)  No. 1—92—1422

Opinion filed December 30, 1993.

Joel Ostrow, of Chicago, for appellant.

James G. Riley, of Hickory Hills, for appellee.

JUSTICE EGAN delivered the opinion of the court:

This appeal involves construction of a settlement agreement in a divorce action. The appeal is brought by Grace M. Myers (petitioner) from an order requiring her to release her rights to the pension of her deceased former husband, Earl J. Myers (respondent).

The parties were married on November 26, 1987. The petitioner was 54 years old, and the respondent was 60 years old. On September 12, 1991, the petitioner filed a petition for dissolution of marriage; on September 19, a judgment of dissolution was entered which included an agreement between the parties. The agreement provided in part as follows:

"7. That the income and assets of the Parties are as follows:

a. Petitioner: employed and earns approximately $27,700.00/yr.

b. Respondent: retired.

\* \* \*

WHEREAS, without any collusion as to the pending proceedings in Cause No. 91 D5 30167 in the Circuit Court of Cook County, Illinois, the Parties hereto consider to be in their best interest to settle between themselves, now and forever, their respective rights to their separate [ sic] and the property growing out of the marital or any other relationship now or previously existing between them, and which either of them now has or may hereafter have or claim to have against the other, of every kind, nature and description, whether real, personal or mixed, now owned or which may hereafter be required by either of them;

\* \* \*

2. All property has been equally divided and each Party waives any right to the property in the other's possession.

\* \* \*

5. Each of the Parties hereby agrees to promptly execute upon demand to the other Party any and all documents necessary to effectuate the terms and conditions contained in this Agreement, and all payments required under this Agreement, unless otherwise

stated, shall be paid within Thirty (30) days of the entry of a Judgment for Dissolution of Marriage."

At the time the judgment of dissolution was entered, the respondent was receiving a pension from his employer, Owens-Illinois. He had filed an application for a pension on March 30, 1989, naming the petitioner as his primary beneficiary and describing her as his wife. The secondary beneficiary was Debora Ann Hagler, his daughter from a previous marriage. On April 11, 1989, he completed another application in which he listed the petitioner and his daughter together as the beneficiaries of his pension. The respondent died 13 days after the judgment of dissolution of marriage had been entered. The petitioner and the respondent's daughter began receiving equal payments from Owens-Illinois under the pension plan. The payments were to cease on May 5, 1995.

The executor of the respondent's estate filed a petition for a rule to show cause against the petitioner seeking an order upon her to execute a release of the pension funds. The petitioner filed a response to the petition for rule to show cause, and after a hearing, the trial judge entered an order holding that the petitioner had no rights in the pension fund and ordering her to execute all necessary documents waiving and releasing any interest in the pension fund and to turn over to the estate any funds that she had already received.

It is the position of the executor that the petitioner waived any right to the pension fund by entering into the settlement agreement. It is the position of the petitioner that the settlement agreement does not represent a waiver of her right to the pension fund because it does not expressly say so. We believe that the petitioner's position is correct.

In *Leahy v. Schuett* (1991), 211 Ill. App. 3d 394, 570 N.E.2d 407, the wife was the contingent beneficiary of a land trust held by the husband. The property in the trust was a building in Chicago. In the judgment for dissolution of marriage, the husband had been awarded the building "free and clear of any claim whatsoever" by the wife. (*Leahy*, 211 Ill. App. 3d at 396.) The husband died, leaving a will assigning the building to his children. The trial judge held that the wife had not waived her right to the beneficial interest in the land trust by the judgment of dissolution. The appellate court agreed and held that the wife's contingent beneficial interest was not a claim on the real property but an expectancy interest because the husband was free to change the contingent beneficiary. *Leahy*, 211 Ill. App. 3d at 400.

The *Leahy* court relied on *O'Toole v. Central Laborers' Pension & Welfare Funds* (1973), 12 Ill. App. 3d 995, 299 N.E.2d 392, *Lyman*

*Lumber Co. v. Hill* (8th Cir. 1989), 877 F.2d 692, and *Aetna Life Insurance Co. v. Wadsworth* (1984), 102 Wash. 2d 652, 689 P.2d 46.

In *O'Toole*, the divorce agreement provided that each party was barred as to all claims to the property of the other, but it did not contain a specific provision regarding insurance. The former wife was not removed as a beneficiary of the husband's life insurance certificates and pension fund death benefits after the divorce. After the husband's death, his estate filed a petition which sought the death benefits and life insurance proceeds on the basis that the former wife was no longer entitled to them. The appellate court held that the wife's interest was not extinguished by the property settlement because the property settlement did not specifically include a termination of her rights.

In *Lyman,* the divorce decree stated that the husband would have his interest in the profit-sharing plan free of any interest of the wife. The court of appeals held that the agreement did not divest the right of her beneficiary interest on the profit-sharing plan proceeds because the decree did not specifically refer to and modify her beneficial interest.

In *Aetna*, a divorce decree stated that the wife conveyed to the husband " 'as his sole and separate property, free and clear of any right, title, or interest on her part *** [a]ll [his] life insurance policies.' " (*Aetna*, 102 Wash. 2d at 663-64, 689 P.2d at 51.) The court held that the former wife was entitled to the life insurance proceeds because the husband had not changed the designation of his former wife as beneficiary and the decree did not mention the former wife's expectancy as a named beneficiary.

In *Tatelman v. Tatelman* (1975), 25 Ill. App. 3d 678, 323 N.E.2d 821, the parties had entered into a marital settlement agreement which contained no mention of insurance polices in which the wife had been named beneficiary. The parties were living apart but had not actually divorced at the time of the husband's death. The appellate court upheld an order which rejected an action by the decedent's mother to have the policy proceeds delivered to her. The court, relying on *Equitable Life Assurance Society v. Stilley* (1933), 271 Ill. App. 283, upheld the action of the trial court because the settlement agreement did not refer to the insurance policy.

In *Williams v. Gatling* (1989), 186 Ill. App. 3d 21, 542 N.E.2d 121, the divorce decree provided that the wife waived all rights she might have against the property and assets of the husband. At the time of the dissolution of marriage the wife was the beneficiary of her husband's life insurance policy and employee stock ownership plan. The husband died four years later without changing the beneficiary

on the life insurance policy or his employee stock ownership plan. The trial court entered judgment for the wife and against the administrator. The appellate court, relying on *Cox v. Employers Life Insurance Co.* (1975), 25 Ill. App. 3d 12, 322 N.E.2d 555, and *O'Toole*, affirmed the trial court because the decree made no mention of the insurance policy or the employee stock purchase plan.

Against this seemingly compelling array of authority, the executor refers to *Principal Mutual Life Insurance Co. v. Juntunen* (1989), 189 Ill. App. 3d 224, 545 N.E.2d 224. Factually, *Principal* is wide of the mark because the settlement agreement in *Principal* expressly provided that each party "hereby releases and/or waives any interest, beneficial or otherwise, which he or she may have acquired in or to life insurance policy(ies) owned by the other." (*Principal*, 189 Ill. App. 3d at 226.) The distinction of *Principal* that we point out is the same distinction that the *Leahy* court pointed out. *Leahy*, 211 Ill. App. 3d at 398.

The executor seeks to distinguish this case from the cases cited by the petitioner because the respondent was already receiving pension payments. We do not accept that distinction as persuasive. In *Leahy*, the husband continued to enjoy the benefits of the land trust before he died. Regardless of whether the respondent was receiving income from the fund, he still retained the right to change the beneficiary.

The executor also emphasizes the fact that the respondent died only 12 days after the judgment of dissolution and argues that the respondent did not have time to change the beneficiary. But in *Cox*, which upheld the right of the former wife to insurance proceeds, the husband died only one day after the divorce decree. *Cox*, 25 Ill. App. 3d at 14.

We believe that the facts of this case come within the general rule that a spouse named as a beneficiary in a pension fund, profit-sharing plan or insurance policy has an expectancy interest which may be defeated in a dissolution agreement but that the dissolution agreement must be a clear expression of the spouse's surrender of that interest. The settlement agreement in this case was not such a clear expression.

For these reasons, the judgment of the circuit court is reversed.

Judgment reversed.

McNAMARA, P.J., and GIANNIS, J., concur.