EVA DEIDA, Ex'x of the Estate of Betty J. Murphy, Deceased, Petitioner-Appellant, v. ROBERT J. MURPHY, SR., Respondent-Appellee.

Fifth District No. 5—94—0324

Opinion filed March 23, 1995.

John Malec, of Martin & Malec, of St. Louis, Missouri, for appellant.

Charles J. Kolker, of Belleville, for appellee.

JUSTICE HOPKINS delivered the opinion of the court:

This action was brought by the estate of Betty J. Murphy, deceased, against her ex-husband, Robert Murphy, Sr., to recover assets claimed by the estate. This appeal arises from the trial court's judgment in favor of respondent.

A limited statement of facts is necessary to present the question of law posed for this decision. On April 29, 1991, the marriage of Betty and Robert Murphy was dissolved. A consent order was entered dividing marital property on August 5, 1992. The order awarded Betty, *inter alia*, a Prudential annuity contract and two Prudential certificates of deposit (CDs). Included in the settlement agreement was a general waiver that stated:

> "[E]xcept as herein provided, both the husband and the wife forever waive, release and quit claim to the other all rights to inheritance, and any and all other rights, including property rights, which either now has or may hereafter have as husband and wife, widower, widow or otherwise by reason of the marital relations now existing between the parties hereto by any present or future law of any state, of the U.S., or of any country, in and to or against the property of the other party, or his or her estate, whether now or hereafter acquired."

Because of this waiver, the estate now claims that Robert waived any beneficial interest in the annuity and the two CDs that were awarded to Betty in the divorce.

Betty executed a will on August 24, 1992, stating, "I give all of my *** bank accounts, certificates of deposit, proceeds from insurance policies, cash *** and all the rest, residue and remainder of any property which I may own or in which I have an interest at the time of my death, to my son, ROBERT E. MURPHY JR." On September 14, 1992, Betty died without having remarried. At the time of her death, Betty had not changed the name of the beneficiary on either the annuity or the CDs that were awarded to her in the judgment of dissolution, and Robert Murphy, Sr., remained the named beneficiary

on those accounts. Soon after Betty's death, Robert Murphy, Sr., made application to Prudential and received $2,609.51 from one CD, $2,384.70 from another, and $15,633.55 from the annuity, totalling $20,627.76.

It is necessary to mention that this court has not had the opportunity to study the settlement agreement in the parties' dissolution, as it was not included in the record provided. We only have access to that which is quoted in the briefs and by the trial judge, who, evidently, reviewed the settlement agreement before making his decision.

The estate maintains that all rights and interests in the accounts were extinguished or forfeited at the time of the divorce. Its first argument is that section 1 of the Trusts and Dissolutions of Marriage Act should be applied and that the property should "be administered and construed as if [Robert] had died upon entry of the judgment of judicial termination of the settlor's marriage." 760 ILCS 35/1(a) (West 1992).

■ Defining whether cash assets are part of a trust, a custodial account, or a joint or individual savings plan is often imperative when dealing with disputes of this type. In the present case, it is just as important to determine what the property is not. Section 1 of the Trusts and Dissolutions of Marriage Act deals with the distribution of a *trust* by judicial termination of a settlor's marriage. One of the main factors necessary to establish a trust is the showing of an intent to create a trust either by a declaration of trust by the settlor or by circumstances that show that the settlor intended to create a trust. (*In re Estate of Davis* (1992), 225 Ill. App. 3d 998, 589 N.E.2d 154.) In the case at bar, there is no evidence in the record that the deceased ever intended to create a trust. Therefore, neither the CDs nor the annuity can be construed as a trust. For section 1 to apply, the asset must be a trust. Since neither the CDs nor the annuity is a trust, section 1 does not apply. 760 ILCS 35/1(a) (West 1992).

The estate's second contention is that Robert waived all rights to the property in question in the marital dissolution settlement agreement and therefore upon Betty's death the property passed by operation of law through the will to the couple's son. The settlement agreement in the present case divides property so specifically that there is no question that Betty had sole control and ownership of both the CDs and the annuity. The specificity of the property waiver in the settlement agreement is where the true issue lies.

■ Illinois case law is conclusive and consistent on the question presented in this case. The general rule is set forth in *In re Marriage of Myers* (1993), 257 Ill. App. 3d 560, 628 N.E.2d 1088. A spouse named

as a beneficiary in an employee savings plan or insurance policy has an expectancy interest which may be defeated in a dissolution agreement, but in that agreement there must be a clear expression of the spouse's surrender of that interest. (*Myers*, 257 Ill. App. 3d 560, 628 N.E.2d 1088.) Apparently, there is no Illinois case law that applies the general rule to certificates of deposit or annuities as we have in the case at bar. We think the rule applies to both, because the named beneficiary of each has an expectancy of a possible beneficial interest. Therefore, we discuss cases involving disputes over life insurance proceeds, employee savings plans, and other nontrust assets in which one might have a beneficial interest. These nontrust accounts with cash assets and named beneficiaries are analogous to the CDs and annuities involved in this case.

Illinois case law pertaining to nontrust property assigned to one party after a divorce, where the ex-spouse is still named as the primary beneficiary, distinguishes two distinct types of interests. One interest is ownership interest, the ability to do with the property as one wishes. The second interest discussed is an expectancy or beneficial interest. (*In re Marriage of Weinstein* (1984), 128 Ill. App. 3d 234, 470 N.E.2d 551.) Expectancy is defined as "the interest of a person who merely foresees that he might receive a future beneficence, such as the interest of an heir apparent *** or of a beneficiary designated by a living insured who has a right to change the beneficiary." *Weinstein*, 128 Ill. App. 3d at 244, 470 N.E.2d at 559.

In *Leahy v. Schuett* (1991), 211 Ill. App. 3d 394, 570 N.E.2d 407, the wife was the contingent beneficiary of a commercial building that was held in a land trust. The husband was awarded the building "free and clear of any claim whatsoever" by the wife in the dissolution of marriage. (*Leahy*, 211 Ill. App. 3d at 396, 570 N.E.2d at 408.) The husband died testate and assigned the building to his children. The court held that by the judgment of dissolution the wife had not waived her right to the beneficial interest in the land trust. The wife's contingent beneficial interest was not a claim on the real property but an expectancy interest, because the husband was free to change the contingent beneficiary.

In a case relied upon by the *Leahy* court, *Lyman Lumber Co. v. Hill* (8th Cir. 1989), 877 F.2d 692, the divorce decree stated that the husband would have his interest in a profit-sharing plan free of any interest of the wife. The court held that the agreement did not divest the right of her beneficiary interest on the profit-sharing plan proceeds because the decree did not *specifically* refer to and *modify* her *beneficial* interest. (*Lyman Lumber Co.*, 877 F.2d 692.) Both *Leahy* and *Lyman* are clear examples of the outcome when the beneficial interests are not specifically waived.

The estate contends that property specifically awarded to the decedent former spouse should not be awarded to the ex-spouse as the named beneficiary when there existed a waiver of rights as to that property. We disagree, because there is case law that is contrary to that proposition. The estate cites to *Principal Mutual Life Insurance Co. v. Juntunen* (1989), 189 Ill. App. 3d 224, 545 N.E.2d 224, that has a very similar fact pattern to the present case. The distinguishing factor between *Juntunen* and the case at bar, however, is the specificity of the waiver in the settlement agreement. In *Juntunen*, the court held that life insurance proceeds, *including beneficial or expectancy interests*, had been waived in the settlement agreement. In *Juntunen*, the agreement provided that "[e]ach of the parties hereby releases and/or waives *any* interest, beneficial or *otherwise*, which he or she may have acquired in or to life insurance policy(ies) owned by the other." (Emphasis added.) *Juntunen*, 189 Ill. App. 3d at 226, 545 N.E.2d at 225.

In *Allen v. Allen* (1992), 226 Ill. App. 3d 576, 589 N.E.2d 1133, the court held that the widow of the deceased was not entitled to insurance proceeds, but the court awarded them instead to the named beneficiary, the ex-wife. The *Allen* court stated that *Juntunen* "demonstrates the limited circumstances in which a court should find a complete waiver of a former spouse's interests in life insurance policies." *Allen*, 226 Ill. App. 3d at 583, 589 N.E.2d at 1138.

■ We agree with the *Allen* court that the waiver should be specific. Absent that specificity: "[A] decree of divorce in no way affects the rights of the divorced [spouse] as a beneficiary in a [spouse's] life insurance policy. [Citations.] Only if a property settlement agreement should specifically include a termination of the beneficiary's interest, will the right to the proceeds of a policy on the life of the [spouse] be affected ***." (*O'Toole v. Central Laborers' Pension & Welfare Funds* (1973), 12 Ill. App. 3d 995, 997, 299 N.E.2d 392, 394.) The waiver within the property settlement agreement that the estate relies upon to extinguish Robert's beneficial interests is deficient. Although the consent order in the present case does waive "any and all other rights, including property rights," it does not go beyond general boilerplate language. Without even a mention of beneficial interest in any property in the waiver, much less a specific waiver of any beneficial interest in the specific property at issue, the boilerplate language is not sufficient to waive Robert's beneficial interest in the proceeds from the certificates of deposit or the annuity.

Affirmed.

MAAG, P.J., and GOLDENHERSH, J., concur.