2025 IL App (4th) 240906
NO. 4-24-0906
IN THE APPELLATE COURT
OF ILLINOIS
FOURTH DISTRICT

**FILED**
February 10, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| RAYMOND EARL MOWEN, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Pike County |
| JAMI M. KELLY, | ) | No. 23MR2 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John Frank McCartney, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court, with opinion.
Presiding Justice Harris and Justice Steigmann in the judgment and opinion.

**OPINION**

¶ 1　　　　Plaintiff, Raymond Earl Mowen, is named in his son Matthew Mowen's

retirement accounts as the secondary beneficiary of those accounts. Matthew Mowen is

deceased—we will call him "the decedent." Defendant, Jami M. Kelly, is the decedent's ex-wife,

and she is named in the accounts as the primary beneficiary. When the decedent died, he had not

changed these beneficiary designations, which date from when he was still married to defendant.

¶ 2　　　　Plaintiff brought this action for a declaratory judgment against defendant, seeking

a judicial determination that the judgment dissolving the decedent and defendant's marriage

terminated defendant's expectancy interest in the retirement accounts, leaving plaintiff as the

sole payable-on-death beneficiary. In other words, it was plaintiff's position that the judgment of

dissolution had undone the primary beneficiary designation. Plaintiff and defendant filed

cross-motions for summary judgment, thereby "mutually agree[ing] that there [were] no genuine

issues of material fact and that the case [might] be resolved as a matter of law." *Oswald v. Hamer*, 2018 IL 122203, ¶ 9. The circuit court of Pike County granted plaintiff's motion and denied defendant's motion. Defendant appeals.

¶ 3        In our *de novo* review (see *In re Marriage of Jones*, 2023 IL App (2d) 220342-U, ¶ 32; *Pekin Insurance Co. v. United Contractors Midwest, Inc.*, 2013 IL App (3d) 120803, ¶ 22), we find no termination of defendant's expectancy interest in the retirement accounts. The rulings on the cross-motions for summary judgment should have been the opposite of what they were: plaintiff's motion for summary judgment should have been denied, and defendant's motion for summary judgment should have been granted. Therefore, we reverse the circuit court's judgment and remand this case with directions to enter an order denying plaintiff's motion for summary judgment and granting defendant's motion for summary judgment.

¶ 4                                      I. BACKGROUND

¶ 5        The decedent and defendant married on December 3, 2005. During their marriage, the decedent filled out beneficiary forms designating defendant as the primary beneficiary of his group retirement plan and 401(k) plan and plaintiff as the second beneficiary.

¶ 6        The decedent and defendant divorced on July 2, 2015. In the judgment of dissolution, which tracked a marital settlement agreement, the circuit court awarded the decedent "any pension *** or 401k accounts [in] his name alone."

¶ 7        The decedent died on August 31, 2022. At the time of his death, defendant was still named as the primary beneficiary of the decedent's group retirement plan and 401(k) plan, and plaintiff was still named as the secondary beneficiary. The beneficiary designations were still as they were before the divorce.

¶ 8        Plaintiff brought this declaratory judgment action to prevent defendant from

receiving the retirement accounts.

¶ 9        The parties filed cross-motions for summary judgment. The circuit court granted plaintiff's motion and denied defendant's motion.

¶ 10        This appeal followed.

¶ 11                                II. ANALYSIS

¶ 12                A. On the Question of Waiver, Any Evidence Outside the

Four Corners of the Judgment of Dissolution Is Inadmissible

¶ 13        The parties agree that the consensual judgment of dissolution is unambiguous, at least with respect to the decedent's retirement accounts, and that, consequently, the intent of the decedent and defendant regarding these retirement accounts should be ascertained from the language of the judgment alone, without reference to evidence outside the judgment.

¶ 14        We likewise agree. " 'Where the language of the [marital settlement] agreement is clear and its meaning is unambiguous, intent must be determined solely from the agreement's language and courts must give that language such effect.' " *Herbert v. Cunningham*, 2018 IL App (1st) 172135, ¶ 43 (quoting *In re Marriage of Farrell*, 2017 IL App (1st) 170611, ¶ 12). Both parties represent in their briefs that the judgment of dissolution was entered by agreement of the decedent and defendant. Paragraph J of the judgment of dissolution dealt with retirement accounts that were in the decedent's name alone. That paragraph is not ambiguous: it is not "reasonably susceptible to more than one meaning." *Morningside North Apartments I, LLC v. 1000 N. LaSalle, LLC*, 2017 IL App (1st) 162274, ¶ 15. In paragraph J, the parties plainly agreed that if the decedent already was the record owner of a retirement account, the account was to be his after the divorce—he was to own it. Any other evidence of what the decedent and defendant intended on that subject is inadmissible. See *id.*

¶ 15        B. An Ownership Interest in a Retirement Account Is

Different From an Expectancy or Beneficial Interest in the Account

¶ 16        By awarding the decedent a retirement account or declaring him to be its owner, paragraph J of the judgment of dissolution said nothing about any expectancy or beneficial interest in the retirement account. The appellate court has explained:

> "Illinois case law pertaining to nontrust property assigned to one party after a divorce, where the ex-spouse is still named as the primary beneficiary, distinguishes *two distinct types of interests*. One interest is ownership interest, the ability to do with the property as one wishes. The second interest discussed is an expectancy or beneficial interest. [Citation.] Expectancy is defined as 'the interest of a person who merely foresees that he might receive a future beneficence, such as the interest of an heir apparent *** or of a beneficiary designated by a living insured who has a right to change the beneficiary.' " (Emphasis added.) *Deida v. Murphy*, 271 Ill. App. 3d 296, 299 (1995) (quoting *In re Marriage of Weinstein*, 128 Ill. App. 3d 234, 244 (1984)).

Because having the right to do whatever one wants with property includes the power to direct, "After I die, *A* shall become the owner," there is no inconsistency between an ownership interest in one person and an expectancy interest in someone else. This power of after-death disposition is a stick in the brush pile of ownership. Being awarded property, such as an account, means gaining the ability to control who will be the new owner after one dies (and either changing one's mind *inter vivos* or not changing one's mind about the after-death beneficiary).

¶ 17        To illustrate the distinction between ownership and expectancy, *Deida* cites *Leahy v. Leahy Schuett*, 211 Ill. App. 3d 394 (1991). See *Deida*, 271 Ill. App. 3d at 299. In *Leahy*,

- 4 -

Robert E. Leahy owned some real estate on North Clark Street in Chicago. *Leahy*, 211 Ill. App. 3d at 395. He put the property in a land trust, naming his wife, Margaret K. Leahy, as the contingent beneficiary in case he died. See *id.* Robert and Margaret afterward divorced. See *id.* at 396. The judgment of dissolution provided that Robert would " 'retain as his property, free and clear of any claim whatsoever by [Margaret], the [Clark Street property].' " *Id.* Later, when Robert died, the land trust was still in effect, and he had not terminated Margaret's contingent beneficial interest. *Id.* The question was whether, in the judgment of dissolution (the terms of which were consensual), Margaret had "specifically waive[d] her contingent beneficial interest in the land trust." *Id.* at 400. The appellate court concluded that the answer was no. *Id.* All that the agreed-upon judgment of dissolution stipulated was that "Robert was to retain the property free of any claim of [Margaret]." *Id.* The appellate court pointed out, "[Margaret's] contingent beneficial interest was not a claim on the real property but an expectancy interest because Robert was free to change the contingent beneficiary." *Id.* Therefore, absent any language in the judgment of dissolution providing otherwise, Margaret "remained the contingent beneficiary at the time of Robert's death," and she "was entitled to the proceeds from the sale of the real property." *Id.* at 401.

¶ 18        Likewise, in the present case, by agreeing to the award of retirement accounts to the decedent, defendant did not waive any expectancy interest in the accounts. Her expectancy interest—which the decedent, as owner of the accounts, remained free to terminate—had no tendency to contradict or diminish his ownership. Rather, only by virtue of his ownership (and his act of refraining, as the owner, from changing the contingent beneficiary) did defendant continue to have an expectancy interest.

¶ 19        Instead of being antithetical to the expectancy, the ex-spouse's ownership makes

it possible. It makes sense, then, that in *Lyman Lumber Co. v. Hill*, 877 F.2d 692 (8th Cir. 1989)—a case on which *Deida* and *Leahy* relied (see *Deida*, 271 Ill. App. 3d at 299; *Leahy*, 211 Ill. App. 3d at 399)—the award of the retirement account to the husband did not divest the wife of her beneficiary interest in the account. In *Lyman*, Jeffrey Hill participated in a profit-sharing plan offered by his employer. *Lyman*, 877 F.2d at 693. He named his wife, Colleen Hill, as the primary beneficiary of the plan. *Id.* The divorce decree provided that Jeffrey was to " 'have as his own, free of any interest of [Colleen], his interest in the profit-sharing plan.' " *Id.* The Eighth Circuit agreed with "[a] number of courts" that "the spouse's rights as a beneficiary are extinguished only by terms specifically divesting the spouse's rights as a beneficiary under the policy or plan." *Id.* By "[giving] Jeffrey his entire interest in the Plan free of any interest of Colleen," the divorce decree "did not *** specifically refer to and modify the beneficiary interest." *Id.* at 693-94. Because the divorce decree "did not revoke the beneficiary designation," Colleen was "entitled to the Plan benefits." *Id.* at 694.

¶ 20　　　　Cases on which plaintiff relies are distinguishable in that the divorce decree in those cases described a beneficiary interest. In *Herbert*, 2018 IL App (1st) 172135, ¶ 46, to take one of those cases, the divorce decree provided:

> " '[E]ach of the parties hereto does hereby forever relinquish, release, waive, and quitclaim to the other party *all property rights and claims which he or she now has or may hereafter have* *** in or to or against the property of the other party or his or her estate, whether now owned or hereafter acquired by such other party.' " (Emphasis in original.)

The ex-wife's expectancy interest in the ex-husband's 401(k) account was a " 'property right[ ] [or] claim[ ]' " that the ex-wife " '*may hereafter have*' " against the ex-husband's property or

estate. (Emphasis added.) See *id.* ¶ 50. Because this language dealt with the future, describing a property interest that the ex-wife might afterward have, it revoked her expectancy interest. See *id.* ¶ 53. The judgment of dissolution in the present case lacks comparable future-oriented language. Defendant never agreed to relinquish all rights or claims that she might have in the future against the decedent's property or estate. Consequently, *Herbert* is distinguishable.

¶ 21         In another case on which plaintiff relies, *Principal Mutual Life Insurance Co. v. Juntunen*, 189 Ill. App. 3d 224, 226 (1989), the marital settlement agreement provided, " 'Each of the parties hereby releases and/or waives any interest, *beneficial* or otherwise, which he or she may have acquired in or to life insurance policy(ies) owned by the other.' " (Emphasis added.)

¶ 22         In the present case, by contrast, the judgment of dissolution contains no mention of a beneficial interest. Instead, the judgment of dissolution gave the decedent the retirement accounts that were in his name alone, thereby giving him the power to change the beneficiary designations or to keep them the same, as he saw fit. See *Leahy*, 211 Ill. App. 3d at 400 ("Respondent's contingent beneficial interest was not a claim on the real property but an expectancy interest because Robert was free to change the contingent beneficiary.") In the exercise (or nonexercise) of his prerogative as the owner of the retirement accounts, the decedent kept the beneficiary designations the same. His beneficiary designations, which were undisturbed by the judgment of dissolution, should have been honored.

¶ 23         C. The Inapplicability of the Illinois Trust Code, Absent

Evidence That the Retirement Accounts Were Trusts

¶ 24         In his motion for summary judgment, plaintiff maintained that not only had defendant waived her expectancy interest in the retirement accounts (by agreeing to paragraph J of the judgment of dissolution), but section 605(b) of the Illinois Trust Code (760 ILCS 3/605(b)

(West 2022)) had automatically terminated the expectancy interest. That section provides as follows:

> "(b) Unless the trust instrument or the judgment of judicial termination of marriage expressly provides otherwise, judicial termination of marriage of the settlor of a trust revokes every provision that is revocable by the settlor pertaining to the settlor's former spouse in a trust instrument or amendment executed by the settlor before the entry of the judgment of judicial termination of marriage of the settlor and any such trust shall be administered and construed as if the settlor's former spouse had died upon entry of the judgment of judicial termination of marriage." *Id.*

On appeal, defendant contends that "the Retirement Accounts are not trusts because there was no intent to create a trust" and that section 605(b), therefore, is inapplicable.

¶ 25          Plaintiff had the burden of coming forward with evidence that the conditions of section 605(b) were fulfilled. "[T]o satisfy the initial burden of production, the moving party must present evidence that, if uncontradicted, would entitle the moving party to a directed verdict at trial." *Performance Food Group Co. v. ARBA Care Center of Bloomington, LLC*, 2017 IL App (3d) 160348, ¶ 18. More specifically, if the plaintiff is the party moving for a summary judgment, the plaintiff "must establish through its pleadings and supporting documents the validity of its factual position on all of the contested elements of the cause of action (all of the essential elements of the plaintiff's claim that are not admitted in the pleadings)." *Id.*

¶ 26          The elements of section 605(b) are, first, that a "settlor" "executed" a "trust instrument" or "amendment" thereof "before the entry of the judgment of judicial termination of marriage of the settlor." 760 ILCS 3/605(b) (West 2022). Second, this "trust instrument" or

"amendment" contained a "provision *** pertaining to the settlor's former spouse." *Id.* Third, the "provision" was "revocable by the settlor" (that is, the "settlor" had the power to revoke it). *Id.* Fourth, neither the "trust instrument" nor the judgment of dissolution "expressly" forbids that this "provision" would be automatically nullified by a divorce. *Id.*

¶ 27 Plaintiff never came forward with evidence to support the first of those elements. Where is the trust instrument, or the amendment of a trust instrument, signed by the decedent as the settlor of a trust? The record does not appear to contain any such instrument. In the "Group Retirement Beneficiary Designation Change Form" that the decedent signed on October 26, 2009, and which plaintiff included in exhibit B of his memorandum in support of his motion for summary judgment, the word "trust" is not used. In that form, the decedent refers to himself, above his signature, as an "Employee," rather than as a "Settlor." The other document in exhibit B does not even bear the decedent's signature. Instead, it is merely a printout from Fidelity Investments's "Plan Sponsor Webstation." Like the previous document in exhibit B, it contains no mention of a trust. All these documents do is name defendant as the primary beneficiary, and plaintiff as the secondary beneficiary, of the group retirement plan (associated with Country Life Insurance Company) and the 401(k) plan (associated with Fidelity Investments). No trust agreement, and no use of the word "trust" or "settlor," is anywhere in sight. See *In re Seaton*, 346 B.R. 389, 391 (Bankr. W.D. Pa. 2006) ("[A] [401(k)] plan fiduciary need not necessarily be a trustee of such plan.").

¶ 28 Instead of coming forward with a trust agreement, plaintiff cites cases in which the appellate court observed that an individual retirement account (IRA) is a trust. See *In re Estate of Davis*, 225 Ill. App. 3d 998, 1006 (1992); *First National Bank of Blue Island v. Estate of Philp*, 106 Ill. App. 3d 360, 361 (1982). However, A 401(k) plan, which is governed by

section 401 of the Internal Revenue Code of 1986 (Internal Revenue Code) (26 U.S.C. § 401 (2018)), is different from an IRA, which is governed by section 408 of the Internal Revenue Code (*id.* § 408). A group retirement plan is not an IRA, either. An IRA is "a trust created or organized in the United States for the exclusive benefit of an *individual* or his beneficiaries," not for the benefit of a *group*. (Emphasis added.) *Id.* § 408(a). Absent evidence of a trust, section 605(b) of the Illinois Trust Code (760 ILCS 3/605(b) (West 2022)) is inapplicable.

¶ 29                                    III. CONCLUSION

¶ 30            For the foregoing reasons, we reverse the circuit court's judgment and remand this case with directions to enter an order denying plaintiff's motion for summary judgment and granting defendant's motion for summary judgment.

¶ 31            Reversed and remanded with directions.

*Mowen v. Kelly*, 2025 IL App (4th) 240906

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Pike County, No. 23-MR-2; the Hon. John Frank McCartney, Judge, presiding. |
| **Attorneys for Appellant:** | John N. Hauk, of Hauk & Owens, LLC, of Quincy, for appellant. |
| **Attorneys for Appellee:** | William S. Meckes, of Schmiedeskamp Robertson Neu & Mitchell LLP, of Quincy, for appellee. |